**William A. SATTERFIELD, Plaintiff,**

**v.**

**WESTERN ELECTRIC COMPANY, Defendant.**

**No. 82–0894–CV–W–5.**

United States District Court,
W.D. Missouri, W.D.

June 27, 1984.

L.R. Magee, Hines & Magee, Kansas City, Mo., for plaintiff.

Jack L. Whitacre, James G. Baker, Georgann Eglinski, Spencer, Fane, Britt & Browne, Kansas City, Mo., for defendant.

## ORDER

SCOTT O. WRIGHT, Chief Judge.

Presently pending before the Court is defendant Western Electric Company's motion to dismiss. The plaintiff is a former employee of Boese Hilburn Electric Service Company and a former member of Local No. 124, International Brotherhood of Electrical Workers. In his second amended complaint, the plaintiff alleges that in October, 1977 he was circulating "right-to-work" literature among union members working on a construction project for Western Electric. The plaintiff further alleges that, after becoming aware of his activities,

Western Electric forced Boese Hilburn to terminate him in violation of his rights under a collective bargaining agreement. The plaintiff claims that Western Electric thereby tortiously interfered with his business relationship with his employer, causing him loss of wages and injury to reputation. The plaintiff also claims that his termination from employment violated his First Amendment right of free speech.

In support of its motion to dismiss, defendant Western Electric contends that this Court's jurisdiction over the plaintiff's tort claim is pre-empted by the National Labor Relations Act. The defendant also points out that the plaintiff's First Amendment claim is deficient in that there is no allegation of "state action" in the complaint. In response, the plaintiff offers nothing in support of his constitutional claim, but asserts that his tort claim is not pre-empted because the absence of an employer-employee relationship between the plaintiff and the defendant places the allegedly wrongful conduct beyond the primary jurisdiction of the National Labor Relations Board.

■ At the outset, the Court notes that the plaintiff has alleged neither federal nor state action as his constitutional claim. Accordingly, the plaintiff has failed to state a cause of action for violation of his First Amendment rights. *See United Bhd. of Carpenters & Joiners v. Scott*, 463 U.S. 825, 103 S.Ct. 3352, 3357–58, 77 L.Ed.2d 1049 (1983).

■ Turning to the more difficult issue, the Court finds that its jurisdiction over the plaintiff's claim for tortious interference is pre-empted by the National Labor Relations Act (the Act). As a general rule, the National Labor Relations Board (the Board) has exclusive primary jurisdiction over conduct which is arguably protected by § 7 of the Act, 29 U.S.C. § 157, or arguably prohibited by § 8 of the Act, 29 U.S.C. § 158. *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 245, 79 S.Ct. 773, 779, 3 L.Ed.2d 775 (1959); *see also Local 926, International Union of Operating Engineers v. Jones*, 460 U.S. 669, 103 S.Ct.

1453, 1459–62, 75 L.Ed.2d 368 (1983); *Local 727, International Ass'n of Bridge, Structural & Ornamental Iron Workers Union v. Perko*, 373 U.S. 701, 706–708, 83 S.Ct. 1429, 1431–1433, 10 L.Ed.2d 646 (1963).

■ The plaintiff's distribution of right-to-work literature to his fellow union members is "arguably protected" by § 7 of the Act. *See Eastex, Inc. v. NLRB*, 437 U.S. 556, 563–64, 569, 98 S.Ct. 2505, 2511, 2514, 57 L.Ed.2d 428 (1978). Moreover, any interference by Western Electric on account of the plaintiff's exercise of rights protected by § 7 would be an unfair labor practice under § 8(a)(1). Contrary to the plaintiff's suggestions, a strict employer-employee between the § 8(a) violator and the affected employee is not necessary to support the Board's jurisdiction. On numerous occasions and under similar circumstances, the Board has held that "an employer may violate § 8(a) of the Act not only with respect to actions taken affecting its own employees, but also by actions affecting employees who do not stand in such an immediate employer-employee relationship." *Lucky Stores, Inc.*, 243 NLRB 642, 643 (1979); *see, e.g., Jimmy Kilgore Trucking Co.*, 254 NLRB 935 (1981); *Sainers Constructors, Inc.*, JD 387–79 (1979); *A.M. Steigerwald Co.*, 236 NLRB 1512 (1978); *Dews Construction Corp.*, 231 NLRB 182 (1977); *see also Faulkner Hospital*, 259 NLRB 364, 368 (1981); *Red Food Store*, 252 NLRB 116, 118 n. 5 (1980). Thus, the plaintiff's claim against Western Electric falls directly into the teeth of the pre-emption doctrine which affords the Board the exclusive authority to fashion a uniform and consistent national labor policy.

■ Although there are two basic exceptions to the *Garmon* pre-emption rule, neither is applicable here. The first exception exists where the conduct at issue is only a peripheral concern of the Act. The determination of whether conduct is a peripheral concern of the Act turns on "whether the controversy presented to the [ ] court is identical with that which could

be presented to the Board." *Belknap, Inc. v. Hale,* 463 U.S. 591, 103 S.Ct. 3172, 3183, 77 L.Ed.2d 798 (1983). Here, the wrongful conduct allegedly undertaken by the defendant—coercing plaintiff's employer to terminate his employment—is identical to the controversy which the Board would have considered if the plaintiff had filed an unfair labor practice charge. *See Jones,* 103 S.Ct. at 1461–62 (claim for tortious interference with contract rights pre-empted); *accord: Perko,* 373 U.S. at 707–08, 83 S.Ct. 1432–33.

 The second basic exception to the *Garmon* rule exists where the claim asserted "touches on interests so deeply rooted in local feeling and responsibility that, in the absence of compelling congressional direction, it could not be inferred that Congress intended to deprive the state of the power to act." *Jones,* 103 S.Ct. at 1459. This exception is most frequently invoked where the Board lacks the authority to grant the remedy sought by the plaintiff. *See, e.g., Belknap, Inc. v. Hale,* 103 S.Ct. at 3183; *Sears, Roebuck & Co. v. San Diego County Dist. Council of Carpenters,* 436 U.S. 180, 202–03, 98 S.Ct. 1745, 1760, 56 L.Ed.2d 209 (1978); *Farmer v. United Bhd. of Carpenters & Joiners of Am., Local 25,* 430 U.S. 290, 304, 97 S.Ct. 1056, 1065, 51 L.Ed.2d 338 (1977); *Linn v. United Plant Guard Workers of Am., Local 114,* 383 U.S. 53, 63, 64 n. 6, 86 S.Ct. 657, 663, 664 n. 6, 15 L.Ed.2d 582 (1966). Here, the injury sustained by the plaintiff primarily consists of lost wages. It is well-settled that the Board may award back pay to an employee who is wrongfully terminated as a result of third-party pressure on his employer. *See, e.g., Jimmy Kilgore Trucking Co.,* 254 NLRB at 935; *Lucky Stores, Inc.,* 243 NLRB at 649. It is also worth noting that the Board's lack of authority to award punitive damages is irrelevant. *Jones,* 103 S.Ct. at 1463.

 Furthermore, the issues raised by the plaintiff's claim are so closely related to questions of national labor policy that it would undermine the Act's goals of uniformity and consistency to allow the plaintiff to bypass his administrative remedies. Two of the elements of his claim for tortious interference are that the defendant's actions were coercive and without justification. *Francisco v. Kansas City Star Co.,* 629 S.W.2d 524, 529 (Mo.App.1981). It is for the administrative agency, not the courts, to decide whether an employer's conduct is coercive and without justification. *Jones,* 103 S.Ct. at 1462. Therefore, the Court concludes that its jurisdiction to consider the plaintiff's claim for tortious interference is pre-empted by the National Labor Relations Act. Moreover, assuming *arguendo* that the plaintiff's claim is somehow cognizable under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, such claim is nevertheless barred by the applicable statute of limitations. *DelCostello v. International Bhd. of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 2294, 76 L.Ed.2d 476 (1983). Accordingly, it is hereby

ORDERED that defendant Western Electric Company's motion to dismiss is granted. Costs shall be borne by the plaintiff.