**William A. SATTERFIELD, Appellant,**

v.

**WESTERN ELECTRIC COMPANY, Appellee.**

**Boese Hilburn Electric Service Company.**

**No. 84–1962.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 3, 1984.

Decided March 27, 1985.

L.R. Magee, Kansas City, Mo., for appellant.

Jack L. Whitacre and David L. Wing, Kansas City, Mo., for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

HEANEY, Circuit Judge.

William Satterfield appeals from a judgment of the United States District Court for the Western District of Missouri, 604 F.Supp. 82, dismissing his complaint. We affirm because we agree with the district court that the action was preempted by the National Labor Relations Act.

Satterfield is a former employee of the Boese Hilburn Electric Company (Boese Hilburn) and a former member of Local No. 124, International Brotherhood of Electrical Workers (Union). In October, 1977, Satterfield was distributing right-to-work literature to other Union members working on a construction project for the Western Electric Company (Western). He alleges that when Western learned of his activities, Western directed Boese Hilburn to terminate his services.[1] Satterfield's employment with Boese Hilburn was terminated, and he brought an action against Western for tortious interference with his employment contract.

Satterfield contends that his complaint was erroneously dismissed because the district court improperly interpreted his complaint as alleging a violation of the collective bargaining agreement. He argues

1. Satterfield alleges that Boese Hilburn is the beneficiary of a substantial work contract with

that the legal justification for the dismissal was directed to matters of contract, although his claim for relief was in tort. Thus, he alleges that "[t]he defendant has successfully directed the trial court's attention from the pleaded issues to an unpleaded and, as against this defendant, inapplicable issue of a union contract between the plaintiff and his employer, Boese Hilburn."

This argument lacks merit. In *Local 100, United Association of Journeymen & Apprentices v. Borden*, 373 U.S. 690, 83 S.Ct. 1423, 10 L.Ed.2d 638 (1963), a case dealing with the preemptive effect of the NLRA, the Supreme Court stated:

> Nor do we regard it significant that Borden's complaint against the union sounded in contract as well as in tort. It is not the label affixed to the cause of action under state law that controls the determination of the relationship between state and federal jurisdiction. Rather, as stated in *Garmon, supra* [359 U.S. 236] at 246 [79 S.Ct. 773 at 780],
>
> > [o]ur concern is with delimiting *areas of conduct* which must be free from state regulation if national policy is to be left unhampered. [Emphasis added in *Borden*.]

*Id.* at 698, 83 S.Ct. at 1427 (*quoting San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 246, 79 S.Ct. 773, 780, 3 L.Ed.2d 775 (1959)).

Thus, the court must "[f]irst * * * determine whether the conduct that the State seeks to regulate or to make the basis of liability is actually or arguably protected or prohibited by the NLRA." *Local 926, International Union of Operating Engineers, AFL–CIO v. Jones*, 460 U.S. 669, 676, 103 S.Ct. 1453, 1458, 75 L.Ed.2d 368 (1983) (*citing Garmon*, 359 U.S. at 245, 79 S.Ct. at 779).

Essentially, Satterfield alleges that Western caused Boese Hilburn to terminate his employment because he was distributing right-to-work literature to union members on a Western construction project. In our view, Satterfield's distribution of right-to-work literature is protected by section 7 of the NLRA. *See Eastex,*

*Inc. v. N.L.R.B.*, 437 U.S. 556, 563–70, 98 S.Ct. 2505, 2511–15, 57 L.Ed.2d 428 (1978) (distribution of a newsletter containing a section encouraging employees to oppose incorporation of the state right-to-work statute into the state constitution came within the guarantee of the "mutual aid or protection" clause of section 7). *See also* Section 7 of the National Labor Relations Act, as codified at 29 U.S.C. § 157 ("Employees shall have the right * * * to engage in * * * concerted activities for the purpose of collective bargaining or other mutual aid or protection * * *").

Section 8(a)(1) of the NLRA, as codified at 29 U.S.C. § 158(a)(1) provides:

> (a) It shall be an unfair labor practice for an employer—
>
> > (1) to interfere with, restrain, or coerce employees in the exercise of rights guaranteed in section 157 of this title[.]

*Id.*

Moreover, the National Labor Relations Board (Board) "has consistently held that an employer may violate Section 8(a) of the Act not only with respect to actions taken affecting his own employees, but also by actions affecting employees who do not stand in such immediate employer-employee relationship." *Kilgore Trucking Co.*, 254 NLRB 935, 946 (1981) (*quoting Lucky Stores, Inc.*, 243 NLRB 642, 643 (1979)). *See also Faulkner Hospital*, 259 NLRB 364, 368 (1981). In view of the fact that Satterfield's conduct is protected by section 7, and that his termination is prohibited by section 8, "the matter is at an end, and the states are ousted of all jurisdiction." *Garmon*, 359 U.S. at 245, 79 S.Ct. at 779.

This action is similar to a recent Supreme Court decision in which the Court held that the NLRA preempted an employee's claim that his union tortiously interfered with the contract between himself and his employer. *Jones*, 460 U.S. 669, 103 S.Ct. 1453 (1983). In that case, Jones, an employee, had filed a charge with the Regional Director of the National Labor Relations Board (Board) against Local 926, International Union of Operating Engineers (Union), alleging that

Western, and therefore was influenced by Western's demand.

the Union had "procured" his discharge from the Georgia Power Company (Company) because he had not been a member in good standing with the Union, and that this discharge violated sections 8(b)(1)(A) and (B) of the NLRA. *Jones,* 460 U.S. at 672, 103 S.Ct. at 1456. The Regional Director determined that further proceedings on Jones's claim were unwarranted because his discharge was part of the changes in the Company's supervisory structure, and accordingly notified Jones that he would not issue a complaint. *Id.* at 672–73, 103 S.Ct. at 1456–57. Rather than appealing the Regional Director's decision to the General Counsel, Jones filed a complaint in state court, alleging, in part, that the Union had interfered with the contract between himself and the Company. *Id.* at 673, 103 S.Ct. at 1457. The Georgia trial court dismissed the complaint, concluding that the common-law tort action had been preempted because the subject matter of the complaint was arguably within the exclusive jurisdiction of the Board. The Georgia Court of Appeals reversed, and the Georgia Supreme Court denied review.

The Supreme Court noted that "[n]ot only is this case a variant of a familiar theme, but we have heard this same tune before. In *Iron Workers v. Perko,* 373 U.S. 701 [83 S.Ct. 1429, 10 L.Ed.2d 646] (1963), the Court considered whether a common-law tort action for interference with a contract of employment was preempted by the NLRA." *Jones,* 460 U.S. at 677, 103 S.Ct. at 1459. The Court in *Jones* went on to hold, as it did in *Perko,* that the employee's common-law cause of action was preempted because it was founded on conduct arguably within the ambit of sections 7 and 8 of the NLRA. *Id.* Although both *Perko* and *Jones* involved actions against a union rather than an employer, the Supreme Court's decisions were based, in part, on the fact that the Unions' activi-

ties violated section 8(b)(1)(A) of the NLRA, which is the union counterpart to the provision regarding employers in section 8(a)(1).[2]

Accordingly, we hold that the rationale of *Jones* and *Perko,* together with the Board's interpretation of the term "employer," dictate that Satterfield's common-law tort claim for interference with his employment contract is preempted.

Affirmed.

---

**2.** Section 8(b)(1)(A), as codified at 29 U.S.C. § 158(b)(1)(A), provides:

(b) It shall be an unfair labor practice for a labor organization or its agents—
(1) to restrain or coerce (A) employees in the exercise of the rights guaranteed in section 157 of this title[.]
*Id.*

Section 8(a)(1), as codified at 29 U.S.C. § 158(a)(1), provides:
(a) It shall be an unfair labor practice for an employer—
(1) to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 157 of this title[.]
*Id.*