ANTHONY E. BASILICATO ET AL. *v.* NATIONAL
AMUSEMENTS, INC., ET AL.
(2674)
(2945)
(2946)
(2947)
(2948)
(2949)

HULL, SPALLONE and DALY, Js.

Argued February 14—decision released May 7, 1985

*Anthony E. Basilicato,* pro se, the appellant (named plaintiff).

*Otto P. Witt,* for the appellants (plaintiffs Anne E. Schaedler et al.).

*Catherine G. Roraback,* for the appellees (defendants Arnold S. Gorlick et al.).

*Edwin L. Doernberger,* filed a brief for the appellee (named defendant).

HULL, J. These appeals arise out of the trial court's dismissal, for lack of subject matter jurisdiction, of the plaintiffs'[1] action involving a labor dispute. We find no error.

The tortuous course of this dispute has taken on epic proportions. Since 1978, three suits arising out of the events at issue here have been filed in our state courts.[2] One of these was removed to the federal District Court for the District of Connecticut[3] and was subsequently remanded to our state court system. Several consolidated actions have also been commenced before the national labor relations board (NLRB).[4] All of these actions arise out of a labor dispute in which the plaintiffs sought to disassociate themselves from Local 273, International Alliance of Theatrical Stage Employees (IATSE), and to form an independent union. After the plaintiffs voted in favor of disassociation, Local 273 and National Amusements, Inc., entered into collective bargaining as a result of which National Amusements and the individual defendants, Arnold S. Gorlick, Joseph

[1] The six plaintiffs are all employees of the named defendant and each has filed a separate appeal from the decision of the trial court. In addition to National Amusements, Inc., three individual defendants, who will be referred to later herein, are also involved in this action.

[2] In addition to the present action, see Superior Court, judicial district of New Haven, Nos. CV-81-0195020S and CV-82-0203217S, both of which were also dismissed for lack of subject matter jurisdiction on the same basis as the present case.

The dismissal of these two prior cases for lack of subject matter jurisdiction was raised in the defendants' motions to dismiss the present case as being res judicata of this case. That claim was not raised as a special defense, as it must be. *Ziska* v. *Water Pollution Control Authority,* 195 Conn. 682, 687, 490 A.2d 509 (1985); *Hanson Development Co.* v. *East Great Plains Shopping Center, Inc.,* 195 Conn. 60, 64 n.3, 485 A.2d 1296 (1985). We, therefore, cannot consider it.

[3] See *Basilicato* v. *International Alliance of Theatrical State Employees and Moving Motion Picture Machine Operators of the United States and Canada,* 479 F. Sup. 1232 (D. Conn. 1979).

[4] NLRB case nos. 39-CB-295, 39-CB-306, 39-CA-1181 and 39-CA-1201.

Tetreault and Thomas R. Kinsella, the officers of Local 273, signed an agreement. The plaintiffs' organization was never recognized as a bargaining agent.

By the present action, the plaintiffs seek to enjoin IATSE, through its officers, from complying with the terms of the agreement. They also seek damages for fraud in the inducement, interference with property rights, misuse of legal process and intentional infliction of emotional distress. In essence, the plaintiffs' complaint alleges that, in violation of the collective bargaining agreement, Tetreault has been assigning union members to additional work through IATSE's referral system rather than having the named plaintiff do so as had been the past practice. Further, the plaintiffs allege that the collective bargaining agreement has been used by the defendants to benefit themselves and other union members at the expense of the plaintiffs' ability to take vacation time without risking their employment.

Upon motions[5] of the defendants, the trial court dismissed this action, concluding that the NLRB has exclusive jurisdiction over the dispute. The plaintiffs then filed the present appeals[6] by which the pro se appellant has raised 35 claims of error. He agreed at oral argument, however, that counsel for the remaining appellants had properly summarized those issues as follows: "(1) Whether the allegations set forth in the original complaint filed by the Appellants in [this case] are within the exclusive jurisdiction of the National Labor Relations Board. . . . (2) Whether the Superior Court erred in dismissing the above case for lack of subject matter jurisdiction."

[5] The individual defendants filed one motion to dismiss and National Amusements filed another.

[6] Initially, the named plaintiff filed an appeal, pro se, which purported to be on behalf of all six of the appellants. The other appellants thereafter obtained counsel and filed separate appeals which were consolidated for argument.

The focus of this appeal is the effect of the National Labor Relations Act, 29 U.S.C. §§ 151 through 169 (1970 and Supp. V) (hereinafter NLRA), on the power of state courts to rule on matters stemming from labor disputes. While the NLRA preempts many of the states' powers to regulate labor relations, it does not constitute a complete ban. *Garner* v. *Teamsters, Chauffeurs and Helpers Local Union,* 346 U.S. 485, 488, 74 S. Ct. 161, 98 L. Ed. 228 (1953). The resulting confusion over what states may regulate in this area has been described as "one of the most teasing and frequently litigated areas of industrial relations . . . ." *San Diego Building Trades Council* v. *Garmon,* 359 U.S. 236, 241, 79 S. Ct. 773, 3 L. Ed. 2d 775 (1958).

It has been held that "[w]hen it is clear or may fairly be assumed that the activities which a State purports to regulate are protected by [NLRA, 29 U.S.C. § 157] or constitute an unfair labor practice under [NLRA, 29 U.S.C. § 158], due regard for the federal enactment requires that state jurisdiction must yield."[7] *San Diego Building Trades Council* v. *Garmon,* supra, 244. Nonetheless, the court has recognized that "[t]he nature of the judicial process precludes an ad hoc inquiry into the special problems of labor-management relations involved in a particular set of occurrences in order to ascertain the precise nature and degree of federal-state conflict there involved, and more particularly what exact mischief such a conflict would cause. Nor is it our business to attempt this. Such determinations inevitably depend upon judgments on the impact of these particular conflicts on the entire scheme of federal labor policy and administration. Our task is confined to dealing with classes of situations." Id., 242. Consequently, the court has stated that "courts are not primary tribunals to adjudicate such issues. It is essen-

---

[7] In the present case, the trial court found that unfair labor practices within the meaning of 29 U.S.C. § 158 were involved.

tial to the administration of the Act that these determinations be left in the first instance to the National Labor Relations Board." Id., 244–45. "When an activity is *arguably* subject to [NLRA, 29 U.S.C. §§ 158-59], the States . . . must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted." (Emphasis added.) Id., 245. This rule is known as the *Garmon* doctrine.

In the present case, the claims of the plaintiffs are, at the very least, arguably within the scope of the NLRB's expertise. In fact, paragraphs 12 through 21 of the complaint in the consolidated actions before the NLRB in this dispute speak directly to the validity of the agreement involved here, and to the duty of IATSE to represent the plaintiffs fairly. Consequently, it should be left to the NLRB to decide whether or not it should decide these issues and, if it decides not to do so, then our courts may consider the plaintiffs' claims on their merits.

The plaintiffs assert that several exceptions to the *Garmon* doctrine apply to this case and allow immediate state court review of their claims. See *Sears, Roebuck & Co.* v. *San Diego County District Council of Carpenters,* 436 U.S. 180, 98 S. Ct. 1745, 56 L. Ed. 2d 209 (1978) (claim for trespass by pickets where plaintiff unable to institute suit before NLRB); *Farmer* v. *United Brotherhood of Carpenters & Joiners of America,* 430 U.S. 290, 97 S. Ct. 1056, 51 L. Ed. 2d 338 (1977) (claim for intentional infliction of emotional distress); *Vaca* v. *Sipes,* 386 U.S. 171, 87 S. Ct. 903, 17 L. Ed. 2d 842 (1967) (breach of duty of fair representation); 29 U.S.C. § 185 (1976 and Supp. V) (breach of contract actions may be taken to courts). The short answer to this claim is that the exceptions referred to all presuppose that the collective bargaining agreement between the employer and the union is valid and that

the acts complained of do not call into question the effectiveness of that agreement. See *Sears, Roebuck & Co.* v. *San Diego County District Council of Carpenters,* supra, 185 (scope of action limited to location of picketing, not validity of picketing itself); *Farmer* v. *Brotherhood of Carpenters & Joiners of America,* supra, 302 (no provision of NLRA protected acts complained of); *Vaca* v. *Sipes,* supra, 186 (breach of duty of fair representation based on breach of contract). Here, the validity of the agreement is the root of this dispute and that issue must be determined by the NLRB before any of the claims, otherwise arguably within exceptions to the *Garmon* doctrine, can be reviewed by our courts.

If this were a case where the plaintiffs could not invoke the jurisdiction of the NLRB or induce their adversaries to do so our decision would necessarily be different. *Sears, Roebuck & Co.* v. *San Diego County District Council of Carpenters,* supra, 201. Since these issues are already before the NLRB, any action in the courts of this state concerning them must await the outcome of the NLRB proceedings.

There is no error.

In this opinion the other judges concurred.