[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON RE: MOTION FOR ARTICULATION #107)
In this case the plaintiff labor union has brought an action against a corporate defendant employer based upon a claimed breach of a collective bargaining agreement between the parties.
By pleading filed September 12, 1991 defendant moved to dismiss the action or, in the alternative, for summary judgement. On December 18, 1991 the motion was denied without comment and defendant now moves for articulation.
The motion to dismiss questions the court's subject matter jurisdiction over the action pursuant to Practice Book Section 142, et sec. It is the position of defendant that plaintiff's claim, and the authority of the court to consider it, is preempted by the National Labor Relations Act (NLRA),29 U.S.C. § 151 et sec. and that the National Labor Relation Board CT Page 1491 has exclusive jurisdiction in the matter.
The question raised by the motion is whether or not the NLRA prohibits this court from hearing the dispute between a union and an employer over a collective bargaining agreement. The thrust of the defendant's argument in support of its motion to dismiss is that when a claim is arguably subject to the provisions of the NLRA, state courts are forced to defer to the putatively exclusive jurisdiction of the NLRB. Defendant relies upon San Diego Building Trades Council v. Garmon, 359 U.S. 236
(1959), for the proposition that "when an activity is arguably subject to Section 7 or Section 8 of the National Labor Relation Act. . .the states as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board." Id., 236. Defendant fails, however, to recognize or address the fact that the United States Supreme Court has ruled upon the specific issue raised by defendant's motion.
In Smith v. Evening News Association, 371 U.S. 195 (1962), an employee sued his employer based upon an alleged violation of the collective bargaining agreement between the employee's union and the employer. The Michigan Supreme Court relied upon Garmon (as does the defendant in the present case) I to affirm the trial court's decision to grant the employer's motion to dismiss. Smith, supra, 196. The rationale was that the plaintiff's allegations, if true, would constitute an unfair labor practice under the NLRA, and thus the subject matter was within the exclusive jurisdiction of the NLRB. Id. The United States Supreme Court in Smith explicitly and unambiguously held that Garmon does not work to pre-empt the jurisdiction of the state court in such a case. Smith, supra, 195.
In addition to Smith, see also U.S. Bulk Carriers, Inc. v. Arguelles, 400 U.S. 351, (1971) (and Justice Harlan's concurring opinion.) See also Lewis v. Local Union No. 100 of I the Laborer's International Union of North, AFL-CIO, 750 F.2d 1368,1372 (1984).
There are no Connecticut cases directly in point but the following cases are generally in accordance with the Smith case and Emhart Industries, Inc. v. Amalgamated Local Union 376 UAW,190 Conn. 371, 391-393 (1983); United Aircraft Corporation v. International Association of, 161C 79, 83-84 (1971) and Shea v. First Federal Savings and Loan Association of New Haven,184 Conn. 285, 294 (1981).
Basilicato v. National Amusements, Inc. 3 Conn. App. 667
(1985), cited by defendant, is distinguishable from the case at bar. In Basilicato several consolidated actions had been commenced before the National Labor Relations Board. Id. 668. CT Page 1492
In upholding a dismissal of the action the appellate court noted that the validity of the agreement, which was then before the NLRB, would have to be determined by that board before any of the claims otherwise arguably within exceptions to the Garmon doctriner can be reviewed by our court Id. 672. Such is not the case here.
The question of subject matter jurisdiction having been resolved summary judgement would be inappropriate. Town Bank and Trust Co. v. Benson, 176 Conn. 304, 306 (1978). Batick v. Seymour,186 Conn. 632, 647 (1982).
For reasons above stated the motion is denied.
Purtill, J.