## ALICE S. CAMP *v.* ALIX COHN ET AL.

KING, C. J., MURPHY, ALCORN, COMLEY and HOUSE, Js.

Argued April 15—decided May 12, 1964

*Sabino P. Tamborra,* with whom, on the brief, was *Marvin M. Horwitz,* for the appellant (named defendant).

*Leo J. McNamara,* with whom, on the brief, was *Allyn L. Brown, Jr.,* for the appellee (plaintiff).

ALCORN, J.  On June 29, 1960, the plaintiff contracted to purchase from the named defendant, whom we shall call the defendant, a tract of land with the buildings thereon.  The agreement, drawn by the defendant's attorney, stated that time was of the essence, and in it the defendant agreed, inter alia, to clear the outbuildings and the land within a radius of 500 feet of the main dwelling of all trash by "no later than September 1, 1960."  Twenty-five hundred dollars was deposited with the defendant's attorney "to be held in escrow to insure . . . [the defendant's] faithful performance of . . . [the] agreement."  The agreement recited that "[i]n the event that . . . [the defendant] fails to comply with this agreement, then on Sept. 1st, 1960, the articles remaining in the outbuildings and on the premises as above outlined, shall become the property of the Buyer, and the Seller's attorney will forfeit to the Buyer the sum of $2500.00 which he is then holding in escrow."

Alleging a breach of the agreement, the plaintiff brought this action against the defendant and his attorney, claiming liquidated damages of $2500 from the defendant because of his failure to remove the trash by September 1 as agreed and damages from the defendant's attorney for a breach of the escrow agreement.  The action against the attorney was withdrawn, and a count was added to the complaint seeking recovery of actual damages from the defendant.  The defendant pleaded prevention of performance.  A counterclaim is not in issue on this appeal.  The court rendered judgment for the plaintiff and awarded damages of $2500.  The

defendant has appealed, claiming that the portion of the agreement providing for the payment of $2500 called for an unenforceable penalty rather than liquidated damages, that the agreement allowed him all of September 1 in which to perform, and that the plaintiff, having refused to extend the time for performance, is barred from a recovery of actual damages.

The finding is not subject to any material correction. The essential facts may be briefly summarized. The parties made the agreement, the material portions of which have been quoted. At the time of the negotiations there was a large amount of trash in and about the buildings and on much of the land. The photographs in evidence confirm the trial court's observation that the premises looked like a dump. Time was of the essence in having the premises cleared of the trash. When title was transferred, the plaintiff paid a substantial amount in cash, $2500 of which was to be held by the defendant's attorney in accordance with the escrow agreement. The $2500 was a reasonable estimate of the expense to the plaintiff of removing the trash in the event the defendant failed to do so. By the escrow agreement the parties intended to liquidate the damages in the event of the defendant's default. Neither the plaintiff nor anyone representing her prevented the defendant from clearing the premises through September 1, but, nevertheless, he left vast quantities of trash on the premises on that date. This finding disposes of the defendant's claim that, although the contract allowed him all of September 1 in which to perform, the plaintiff ordered him off the premises before the day was over and this prevented him from completing the work. The difficulties in removing the trash were great, and the plaintiff,

with the assistance of others, spent a total of about 1219 hours in removing it. Had the work been contracted for, a reasonable charge would have been $3.65 an hour.

The court concluded that the clause of the contract in issue was one for liquidated damages, that $2500 was the reasonable value of the services of the plaintiff and others in clearing the premises, that the plaintiff did not prevent the defendant from clearing the premises on September 1, and that the defendant failed to remove the trash as agreed.

The defendant does not challenge the court's finding as to the reasonable value of the services of the plaintiff and others in removing the trash. It is therefore unnecessary to determine whether the court correctly concluded that the agreement was for liquidated damages rather than a penalty. If the agreement were construed as imposing a penalty, it would be unenforceable, but the plaintiff would be entitled to recover her actual damages. *May* v. *Young,* 125 Conn. 1, 9, 2 A.2d 385. If the agreement were construed as one for liquidated damages, the stipulated sum could be recovered, but no other sum could be recovered as actual damages. *Dean* v. *Connecticut Tobacco Corporation,* 88 Conn. 619, 625, 92 A. 408; 15 Am. Jur., Damages, § 264; 25 C.J.S., Damages, § 116. The damages found by the court are the same in either case.

The defendant's claim that the plaintiff is not entitled to recover actual damages because of a failure to mitigate damages by extending the time for the defendant's performance is without merit. The claim would be material only if the agreement provided a penalty and thus permitted the recovery of actual damages. If it were assumed that a penalty was involved, a refusal to grant an extension

of time would not bar the plaintiff's recovery. Since time was of the essence, the plaintiff was entitled to have the defendant perform within the time agreed. The duty to mitigate damages does not require a party to sacrifice a substantial right of his own in order to minimize a loss. *Eastern Sportswear Co.* v. *S. Augstein & Co.*, 141 Conn. 420, 425, 106 A.2d 476. The defendant is in no position to claim that, having failed to perform his part of the contract within the agreed time, the plaintiff was required to disregard her own interest by extending the time for his performance.

There is no error.

In this opinion the other judges concurred.