[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE AS TO DEFENDANT CHARLES GREENWALD
The plaintiff moves to strike on the grounds of legal insufficiency the defendant Greenwald's second special defense alleging that the plaintiff waived his right to claim damages as a result of the invalidation of the antenuptial agreement; the defendant's fifth special defense based upon the equitable doctrine of estoppel; and, the defendant's sixth special defense alleging a failure to mitigate damages.
The facts as alleged in the complaint are as follows. In the fall of 1984, the plaintiff, Leonard DeFusco ["DeFusco"], engaged the services of the defendant, Dwight Schweitzer ["Schweitzer"], to represent him in the preparation an execution of an antenuptial agreement. The defendant, Edward Morelli ["Morelli"], an associate of Schweitzer's, assisted in the preparation of the antenuptial agreement. On January 4, 1984, the plaintiff and Maxine Casey ["Casey"], to whom the plaintiff was engaged to be married, executed the agreement. On January 6, 1984, the plaintiff and Casey were married.
In 1987, the plaintiff engaged the services of the defendant, CT Page 7955-ZZ Charles Greenwald ["Greenwald"], to represent him in dissolution proceedings initiated against him by Casey. In 1989, during pretrial hearings of the dissolution action, two separate judges questioned the validity of the antenuptial agreement. On September 22, 1989, Greenwald notified Schweitzer and Morelli of a possible claim against their professional liability carriers. Thereafter, on January 9, 1991, State Trial Referee John Brennan found the antenuptial agreement to be invalid and unenforceable, dissolved the marriage and issued financial orders against the plaintiff in an amount greater than the obligations set forth in the antenuptial agreement.
On April 1, 1992, the plaintiff filed a six-count complaint against the defendants. The first and third counts are claims for negligence, breach of contract and fraudulent concealment as to Schweitzer. The second and fourth counts are claims for negligence, breach of contract and fraudulent concealment directed at Morelli, and the fifth and sixth counts are claims for negligence and breach of contract directed at Greenwald. CT Page 7955-1
On December 14, 1992, defendant Greenwald filed an answer, special defenses and counterclaim. In the first special defense, Greenwald alleges that the plaintiff has failed to state a claim upon which relief may be granted. The second special defense is a claim of waiver. The third special defense alleges that the fifth and sixth counts are barred by the applicable statute of limitations. The fourth special defense is a claim of contributory negligence. The fifth special defense is a claim of estoppel, and the sixth special defense alleges the plaintiff failed to mitigate damages.
On February 3, 1993, the plaintiff filed a motion to strike the first, second, fifth and sixth special defenses along with a memorandum of law in support thereof. On February 10, 1993 defendant Greenwald filed a memorandum of law in opposition to the plaintiff's motion to strike.
"A motion to strike challenges the legal sufficiency of a pleading. Practice Book 152." Mingachos v. CBS, Inc., 196 Conn. 91,108, 491 A.2d 368 (1985). A motion to strike is properly used to contest the legal sufficiency of any answer including any special CT Page 7955-2 defense contained therein. Practice Book 152(5).
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions of the truth or accuracy of opinions stated in the pleadings. (Emphasis in original.) Mingachos, supra, 108. "In deciding upon a motion to strike . . ., a trial court must take the facts to be those alleged in the [pleadings] . . . and `cannot be aided by the assumption of any facts not therein alleged.'" (Citations omitted.) Liljedahl Bros. Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990).
The court must construe the defense "in the manner most favorable to sustaining its legal sufficiency. Bouchard v. People's Bank, 219 Conn. 465, 471, 594 A.2d 1 (1991), citing Michaud v. Wawruck, 209 Conn. 407, 408, 551 A.2d 738 (1988). Where the facts provable under the allegations would support a defense, the motion to strike must be denied. Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989).
Although the plaintiff's motion to strike raises issues with respect to the first special defense, these are not being pursued by CT Page 7955-3 the plaintiff in the context of this motion. Therefore, the court directs its attention solely to those issues involving the second, fifth and sixth special defenses.
Second Special Defense
Defendant Greenwald's second special defense provides that "[t]he plaintiff . . . declined to exercise his right to appeal after the Superior Court invalidated the Antenuptial Agreement and thereby waived his right to claim damages as a result of the invalidation of the Antenuptial Agreement." (Defendant Greenwald's Second Special Defense). The plaintiff moves to strike the second special defense on the ground that the plaintiff's decision not to appeal cannot be deemed a waiver of the plaintiff's right to sue defendant Greenwald.
"Waiver is the intentional relinquishment of a known right." Wadia Enterprise, Inc. v. Hirschfeld, 224 Conn. 240, 251,618 A.2d 506 (1992), citing Dragan v. Connecticut Medical Examining Board, 223 Conn. 618, 629, 613 A.2d 739 (1992); Novella v. Hartford Accident Indemnity Co., 163 Conn. 552, 561, 316- CT Page 7955 4 A.2d 394 (1972). "Waiver need not be express `but may consist of acts or conduct from which a waiver may be implied. . . . In other words, waiver may be inferred from the circumstances if it is reasonable to do so.'" Wadia Enterprises, Inc., supra, 252, quoting Novella, supra, 562; O'Hara v. State, 218 Conn. 628,641, 590 A.2d 948 (1991).
A defendant must plead sufficient facts in support of his special defenses. See Knights of Columbus Federal Credit Union v. Salisbury, 3 Conn. App. 201, 206-09, 486 A.2d 649 (1985). The second special defense merely alleges that the plaintiff declined to exercise his right to appeal the superior court's decision invalidating the antenuptial agreement. The second special defense contains no allegations from which one could imply that the plaintiff waived its right to bring a malpractice claim against defendant Greenwald. We find therefore that defendant Greenwald has not sufficiently alleged a special defense of waiver.
Furthermore, "[t]he purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. CT Page 7955-a Practice Book 164." Grant v. Bassman, 221 Conn. 465, 472-73,604 A.2d 814 (1992). Although a failure to appeal the invalidation of the antenuptial agreement may constitute a waiver of plaintiff's right to claim damages as a result of such invalidation, the plaintiff's malpractice action against defendant Greenwald does not claim damages as a result of the invalidation. Rather, the plaintiff's malpractice action against defendant Greenwald is based upon his failure to (1) bifurcate the dissolution action, and (2) institute a malpractice action against Morelli and Schweitzer. We find that defendant Greenwald's allegations in the second special defense do not demonstrate that the plaintiff has no cause of action. Accordingly, the plaintiff's motion to strike the second special defense is granted.
Fifth Special Defense
Defendant Greenwald's fifth special defense provides "[t]he plaintiff . . . declined to exercise his right to appeal after the Superior Court invalidated the Antenuptial Agreement and is, therefore, estopped from asserting an action against the defendant as a result of the invalidation of the Antenuptial Agreement." CT Page 7955-b (Defendant Greenwald's Fifth Special Defense). The plaintiff moves to strike the fifth special defense on the grounds that (1) the failure to appeal the invalidation of the antenuptial agreement cannot estop the plaintiff from pursuing a malpractice action against defendant Greenwald, and (2) defendant Greenwald has failed to plead sufficient facts to establish a defense of estoppel.
 "`Equitable estoppel is the effect of the voluntary conduct of a party whereby he is absolutely precluded, both at law and in equity, from asserting rights which might perhaps have otherwise existed, as against another person, who has in good faith relied upon such conduct, and has been led thereby to change his position for the worse.' (Citations omitted.)."
Emerick v. Emerick, 28 Conn. App. 794, 802-03, 613 A.2d 1351
(1992), quoting Bozzi v. Bozzi, 177 Conn. 232, 241-42,413 A.2d 834 (1979).
 "`There are two essential elements to an estoppel — the party must do or say something that is intended or calculated to induce another to believe in the existence of certain facts and CT Page 7955-c to act upon that belief, and the other party, influenced thereby, must actually change his position or do some act to his injury which he otherwise would not have done.'. . ."
Colleran v. Cassidento, 27 Conn. App. 386, 392, 607 A.2d 434
(1992), quoting Reinke v. Greenwich Hospital Assn., 175 Conn. 24,28, 392 A.2d 966 (1978); Hanover Ins. Co. v. Fireman's Fund Ins. Co., 217 Conn. 340, 351, 586 A.2d 567 (1991). The fifth special defense fails to allege any facts which show either that the plaintiff's failure to appeal the invalidation was intended or calculated to induce defendant Greenwald or that defendant Greenwald changed his position or did some act to his injury as a result of the plaintiff's failure to appeal. We find therefore that defendant Greenwald has failed to allege sufficient facts to support the special defense of estoppel.
Moreover, as previously stated, "[t]he purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. Practice Book 164." Grant, supra, 472-73. Although the plaintiff's failure to pursue an appeal may estop the CT Page 7955-d plaintiff from instituting an action based upon a failure to appeal, the plaintiff's malpractice action against defendant Greenwald is based upon his failure to (1) bifurcate the dissolution action, and (2) institute a malpractice action against Morelli and Schweitzer. We find that defendant Greenwald's allegations in the fifth special defense do not demonstrate that the plaintiff has no cause of action. Based upon the foregoing, the plaintiff's motion to strike the fifth special defense is granted.
Sixth Special Defense
The plaintiff moves to strike the defendant Greenwald's sixth special defense on the grounds that (1) defendant Greenwald has failed to allege sufficient facts to establish a failure to mitigate damages, and (2) the plaintiff had no duty to accept a settlement offer in order to mitigate damages.
A plaintiff's failure to mitigate damages is a valid defense to a malpractice action. See Heritage Square Associates v. Blum,7 CTLR 103, 104 (July 21, 1992, Nigro, J.); Mallen Smith, Legal Malpractice, 16.21, 17.2, 17.6 (3d ed. 1989). However, "[t]he CT Page 7955-e duty to mitigate damages does not require a party to sacrifice a substantial right of his own in order to minimize a loss." Camp v. Cohn, 151 Conn. 623, 627, 201 A.2d 187 (1964).
The sixth special defense provides that the plaintiff "failed to mitigate his damages by settling the divorce action short of trial." (Defendant Greenwald's Sixth Special Defense). Although the plaintiff may have a duty to preserve an appeal or properly defend the validity of the antenuptial agreement, the plaintiff is under no duty to sacrifice his right to a trial in order to minimize any loss. Accordingly, the plaintiff's motion to strike the sixth special defense is granted.
MEMORANDUM OF DECISION ON MOTION TO STRIKE AS TO DEFENDANT DWIGHT SCHWEITZER
The plaintiff moves to strike the defendant Schweitzer's second special defense alleging contributory negligence and third special defense alleging a failure to mitigate damages on the grounds that they are not legally sufficient. CT Page 7955-f
The facts as alleged in the complaint are as follows. In the fall of 1984, the plaintiff, Leonard DeFusco ["DeFusco"], engaged the services of the defendant. Dwight Schweitzer "Schweitzer"], to represent him in the preparation and execution of an antenuptial agreement. The defendant, Edward Morelli ["Morelli"], an associate of Schweitzer's, assisted in the preparation of the antenuptial agreement. On January 4, 1984, the plaintiff and Maxine Casey ["Casey"], to whom the plaintiff was engaged to be married, executed the agreement. On January 6, 1984, the plaintiff and Casey were married.
In 1987, the plaintiff engaged the services of the defendant, Charles Greenwald ["Greenwald"], to represent him in dissolution proceedings initiated against him by Casey. In 1989, during pretrial hearings of the dissolution action, two separate judges questioned the validity of the antenuptial agreement. On September 22, 1989, Greenwald notified Schweitzer and Morelli of a possible claim against their professional liability carriers. Thereafter, on January 9, 1991, State Trial Referee John Brennan found the antenuptial agreement to be invalid and unenforceable, dissolved CT Page 7955-g the marriage and issued financial orders against the plaintiff in an amount greater than the obligations set forth in the antenuptial agreement.
On April 1, 1992, the plaintiff filed a six-count complaint against the defendants. The first and third counts are claims for negligence, breach of contract and fraudulent concealment as to Schweitzer. The second and fourth counts are claims for negligence, breach of contract and fraudulent concealment directed at Morelli, and the fifth and sixth counts are claims for negligence and breach of contract directed at Greenwald.
On September 30, 1992, defendant Schweitzer filed an answer and three special defenses alleging the first and third counts are barred by the applicable statute of limitations, contributory negligence and failure to mitigate damages. On April 1, 1993, the plaintiff filed a motion to strike each special defense along with a memorandum of law in support thereof. On April 20, 1993 defendant Schweitzer filed a memorandum of law in opposition to the plaintiff's motion to strike. CT Page 7955-h
A motion to strike challenges the legal sufficiency of a pleading. Practice Book 152." Mingachos v. CBS. Inc., 196 Conn. 91,108, 491 A.2d 368 (1985). A motion to strike is properly used to contest the legal sufficiency of any answer including any special defense contained therein. Practice Book 152(5).
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original.) Mingachos, supra, 108. "In deciding upon a motion to strike . . ., a trial court must take the facts to be those alleged in the [pleadings] . . . and `cannot be aided by the assumption of any facts not therein alleged.'" (Citations omitted.) Liljedahl Bros. Inc. v. Grigsby, 215 Conn. 345,348, 576 A.2d 149 (1990).
The court must construe the defense "in the manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465, 471, 594 A.2d 1 (1991), citing Michaud v. Wawruck, 209 Conn. 407, 408, 551 A.2d 738 (1988). Where the facts provable under the allegations would support a CT Page 7955-i defense, the motion to strike must be denied. Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989).
It should first be noted that although the plaintiff's motion to strike raises issues with respect to the first special defense, the plaintiff indicated those issues were not being pursued in this motion. Therefore, this court directs its attention to those issues involving the second and third special defenses only.
Second Special Defense
The plaintiff moves to strike the second special defense on the grounds that (1) defendant Schweitzer has failed to allege the requisite elements of contributory negligence, and (2) contributory negligence is not a valid defense to a breach of contract claim.
The plaintiff first asserts that the defendant has failed to allege sufficient facts to establish any duty owed by the plaintiff to the defendant.
"`The existence of a duty of care is an essential element of CT Page 7955-j negligence . . . . A duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act.' Coburn v. Lenox Homes, Inc., 186 Conn. 370, 375, 441 A.2d 620 (1982)."
O G Industries, Inc. v. New Milford, 29 Conn. App. 783, 790,616 A.2d 1177 (1992), quoting Calderwood v. Bender,189 Conn. 580, 584, 457 A.2d 313 (1983). A client has a duty to take measures to correct, avoid or mitigate the consequences of the attorney's negligence. Mallen Smith, Legal Malpractice, 17.2 (3d ed. 1989).
The second special defense provides, in pertinent part, that the plaintiff and/or his agent was negligent:
 a) In that he failed to assert appropriate arguments and motions in response to the argument the antenuptial agreement was invalid;
CT Page 7955-k
 b) In that he failed to properly take and preserve an appeal of the Trial Court decision;
 c) In that he failed to seek and obtain a settlement of the claim short of trial[; and]
 d) In that he failed to abide by and fulfill his obligations under the [antenuptial] agreement.
(Defendant Schweitzer's Second Special Defense). We conclude that such allegations are sufficient to establish the plaintiff's duty to correct, avoid or mitigate the consequences of the defendant's negligence.
The plaintiff further argues that even if a duty exists, the alleged negligent acts could not support a finding of a breach of said duty or causation. However, "[i]n judging a motion to strike . . . `it is of no moment that the [defendant] may not be able to prove [his] allegations at trial.'" (Citation omitted.) Levine v. Bess Paul Sigel Hebrew Academy of Greater Hartford, Inc., 39- CT Page 7955-l16 Conn. Sup. 129, 132, 471 A.2d 679 (Super.Ct. 1983). "The sole inquiry at this stage is whether the [defendant's] allegations if proved, state [a defense]." Id. Therefore, whether or not the defendant can prove a breach of duty or causation is not relevant for purposes of this motion to strike. Accordingly, the motion to strike the second special defense on the ground that defendant Schweitzer has failed to allege the requisite elements of contributory negligence is denied.
The plaintiff also moves to strike the second special defense on the ground that contributory negligence is not a valid defense to a breach of contract claim. We agree.
General Statutes 52-572h provides, in pertinent part, that "[i]n causes of action based upon negligence . . . , [t]he economic or noneconomic damages allowed shall be diminished in the proportion of the percentage of negligence attributable to the person recovering. . . ." (Emphasis added.) General Statutes 52-572h(b). Section 52-572h limits the availability of a contributory negligence defense to causes of action based upon negligence. Although the defense of contributory negligence is available in situations where CT Page 7955-m the claim of malpractice sounds in negligence; Somma v. Gracey,15 Conn. App. 371, 378, 544 A.2d 668 (1988); the defense of contributory negligence is not available where the claim of malpractice is a breach of contract claim. Accordingly, since the sixth count is a breach of contract claim, the motion to strike the second special defense, as it applies to the sixth count, is granted.
Third Special Defense
The plaintiff moves to strike the defendant Schweitzer's third special defense on the grounds that (1) defendant Schweitzer has failed to allege sufficient facts to establish a failure to mitigate damages, and (2) the plaintiff had no duty to accept a settlement offer in order to mitigate damages.
A plaintiff's failure to mitigate damages is a valid defense to a malpractice action. See Heritage Square Associates v. Blum,7 CTLR 103, 104 (July 21, 1992, Nigro, J.); Mallen Smith, Legal Malpractice, 16.21, 17.2, 17.6 (3d ed. 1989). However, "[t]he duty to mitigate damages does not require a party to sacrifice a substantial right of his own in order to minimize a loss." Camp v. CT Page 7955-n Cohn, 151 Conn. 623, 627, 201 A.2d 187 (1964).
The third special defense provides that the plaintiff "failed to mitigate damages[,] if any, by seeking a settlement of the claim short of Trial." (Defendant Schweitzer's Third Special Defense). Although the plaintiff may have a duty to preserve an appeal or properly defend the validity of the antenuptial agreement, the plaintiff is under no duty to sacrifice his right to a trial in order to minimize any loss. Accordingly, the plaintiff's motion to strike the third special defense is granted.
Hennessey, J.