[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 8122 MOTION TO STRIKE (#190)
 FACTS
The plaintiff, Gary Parsons, was employed as an instructor of aircraft maintenance by the defendant, Sikorsky Aircraft Division, United Technologies Corporation (Sikorsky) from August 29, 1986 to September 18, 1990. On December 7, 1994, the plaintiff filed a three-count seventh revised amended complaint, alleging wrongful termination, intentional infliction of emotional distress and negligent infliction of emotional distress.[1] Sikorsky filed a revised answer and four special defenses on March 25, 1998.[2] Sikorsky alleges in its first special defense that it offered to modify the plaintiff's termination to a five-week layoff. Sikorsky alleges in its third special defense that the plaintiff failed to mitigate his damages by moving to Arizona before learning whether Sikorsky intended to reinstate him, and that the plaintiff failed to find replacement employment. Sikorsky realleges the contents of the first and third special defenses in the fourth special defense, and further alleges that the plaintiff's wrongful termination claims are barred by the doctrines of waiver and estoppel.
Before the court is the plaintiff's motion to strike the remaining special defenses, filed on April 3, 1998. The plaintiff moves to strike the first, third and fourth special defenses on the ground that it is not a defense to a wrongful termination claim to allege that the employer, after terminating an employee, subsequently offers to modify the termination to a layoff. Sikorsky filed a memorandum in opposition to the plaintiff's motion to strike, in which Sikorsky argues that the special defenses are proper. Specifically, Sikorsky argues that it has admitted that it terminated the plaintiff, but if it can prove that the termination was later rescinded, it can avoid liability for wrongful discharge. Sikorsky also alleges that the plaintiff waived his right to assert a claim for wrongful discharge, because he made a knowing decision to decline the offered modification.
 DISCUSSION
A motion to strike is the proper method of challenging the legal sufficiency of a special defense. Krasnow v. Christensen, CT Page 812340 Conn. Sup. 287, 288, 492 A.2d 850 (1985). In ruling on the motion to strike, the trial court must take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorably to sustaining their legal sufficiency.Connecticut National Bank v. Douglas, 221 Conn. 530, 536,606 A.2d 684 (1992). As a general rule, facts must be pleaded as a special defense when they are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. Chapman v. Norfolk Dedham Mutual FireIns. Co., 39 Conn. App. 306, 332, 665 A.2d 112, cert. denied,235 Conn. 925, 666 A.2d 1185 (1995).
 A. First and Fourth Special Defenses
There are two elements which must be established in order to find an estoppel: one party must do or say something that is intended or calculated to induce another into believing in the existence of certain facts and to act upon that belief, and the other party must thereby actually change his position or do some act to his injury which he otherwise would not have done. In other words estoppel rests on the misleading conduct which results in prejudice to the other and absent such prejudice an estoppel cannot exist. Middletown Commercial Associates LimitedPartnership v. City of Middletown, 42 Conn. App. 426, 442,680 A.2d 1350, cert. denied, 239 Conn. 939, 684 A.2d 711 (1996). Waiver is the voluntary relinquishment of a known right. It involves the idea of assent, and assent is an act of understanding. Intention to relinquish must appear, but acts and conduct inconsistent with intention to relinquish are sufficient. At bottom, there must be a `right' that is capable of being waived. Rights conferred by constitutions or statute may be waived. Soares v. Max Services, Inc., 42 Conn. App. 147, 175,679 A.2d 37, cert. denied, 239 Conn. 915, 682 A.2d 1005 (1996).
This court concludes that the plaintiff's motion to strike Sikorsky's first and fourth special defenses should be granted. Sikorsky has failed to allege facts indicating that the plaintiff said or did something that was calculated to induce Sikorsky to act to its detriment. In addition, even assuming the plaintiff's actions constituted "misleading conduct," there is no allegation that Sikorsky was thereby prejudiced. Likewise, the first and fourth special defenses fail to allege that the plaintiff reliquished a known right that could be waived.
 B. Third Special Defense
CT Page 8124
It has often been held in the contracts and torts context that the party entitled to damages has a duty to make reasonable efforts to mitigate those damages. Apricots Restaurant v.Commission on Human Rights Opportunities, 237 Conn. 209, 229
(1996). What constitutes a reasonable effort under the circumstances of a particular case is a question of fact for the trier. Id. Furthermore, the breaching party bears the burden of proving that the nonbreaching party has failed to mitigate damages. Id. Mitigation of damages is properly pleaded as a special defense. Buitekant v. Zotos Corp., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 135874 (February 20, 1996, Karazin, J.). See also Barfield v.Gasparri, Superior Court, judicial district of Waterbury, Docket No. 111081 (October 13, 1993, Sylvester, J.) (8 C.S.C.R. 1132) (defendant has the option of pleading failure to mitigate as a special defense).
The duty to mitigate damages does not require a party to sacrifice a substantial right of his own in order to minimize a loss. Camp v. Cohen, 151 Conn. 623, 626, 201 A.2d 187 (1964). Nevertheless, the issue of whether Sikorsky's "offer" of a layoff was unconditional is beyond the scope of the present motion to strike, which concerns only the legal sufficiency of the pleadings themselves. This court elects to follow the rationale of the case law cited above. Accordingly, plaintiff's motion to strike Sikorsky's third special defense of mitigation of damages should be denied.
 CONCLUSION
For the foregoing reasons, the plaintiff's motion to strike the first and fourth special defenses is hereby GRANTED. It is further ordered that the plaintiff's motion to strike the third special defense is hereby DENIED.
MEVILLE, JUDGE