[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
PROCEDURAL HISTORY
The plaintiff, Annette R. McDonald ("McDonald"), brings this action to recover sums McDonald alleges are due her from the defendant, Brian T. Anderson ("Anderson"), based on an oral agreement between the parties that Anderson breached. The complaint alleges that Anderson agreed to cut and clear trees from property owned by McDonald on Fenn Hill Road in Washington, Connecticut (the "property") by a certain date. The complaint further claims that Anderson did cut the trees but failed to clear them from the property by the agreed date. As a result, McDonald was forced to hired a third party, Justin Moore ("Moore") to complete the clearing of the trees from the property. McDonald is claiming damages in the amount that was paid to Moore.
Anderson admitted in his answer that the parties had an agreement whereby he was to cut and clear the trees from the property, but he disputes the date when the work was required to be completed. Anderson has filed a counterclaim wherein he claims that because McDonald had hired Moore to complete the clearing and removing of the trees on the property, he was deprived of the funds he would have received from the sale of the trees and lumber. CT Page 133
The matter was tried to the court on September 5 and 6, 2001. Both parties have submitted a post trial brief together with proposed findings of fact and conclusions of law.
FINDINGS OF FACT
Based on the testimony induced, the exhibits admitted and the credibility of the witnesses, the court could reasonably find the following facts as proven.
In the spring of 1998, McDonald owned property on Fern Hill Road in the Town of Washington, Connecticut.
The McDonald family was planning to sell the property.
In preparation of the sale, the McDonald family desired to clear some trees from the property to enhance the views, which were obstructed, particularly by a stand of pine trees (the"pine stand").
During the spring of 1998, McDonald and Anderson made an oral agreement whereby Anderson was to cut and clear the pine stand from the property, as well as, remove some hardwoods and softwoods.
Anderson was to cut the trees and dispose of the wood by removing, burning or chipping it into piles.
Anderson was to retain all the proceeds from the sale of the wood.
Anderson knew that McDonald intended to list the property for sale in the fall of 1998.
Anderson was advised that the reason for the tree clearing was to enhance the views from the property, thereby improving the value and marketability of the property.
The cutting and clearing of the trees from the property was to be completed by September 1998. The only debris that was to remain on the property beyond September was the material used to create a protective barrier for the wetlands on the property, this debris was to be burned over the ensuing winter.
By the end of July 1998, Anderson completed the felling of the pine stand and the other hardwood and softwood trees on the property.
Anderson sold the marketable hardwood and retained the proceeds. CT Page 134
After the completion of the cutting, however, several piles of wood remained on the property.
McDonald, throughout August and into September of 1998, notified Anderson that the piles of wood should be removed from the property by the end of September as agreed. Anderson told McDonald that he would complete the cleaning on the property in the winter and not before then.
Anderson's failure to remove the softwood stock was related to a soft pulp market that existed in the summer and early fall of 1998.
McDonald hired Moore to complete the removal of the debris from the property.
McDonald did not inform Anderson that she was going to hire another party to complete the work.
The plaintiff paid Moore a total of $33,900 to clear the wood debris from the property.
The detail of the payments of $33,900 to Moore was: $8000 to chip the piles of softwood stock and $25,900 to chip and burn the other wood piles.
Moore performed the work in stages from October 1998 through January 1999.
DISCUSSION
"The existence of a contract is, at least initially, a question of fact." Simmons v. Simmons, 244 Conn. 158, 187, 708 A.2d 949 (1998). To state a claim for breach of an oral contract the plaintiff must allege: "1) existence of a contract, 2) its breach, and 3) damages resulting from the breach." Wesconn Co. v. ACMAT Corporation, Superior Court, judicial district of Hartford at Hartford, Docket No. 594760 (April 10, 2001,Hale, J.); see O'Hara v. State, 218 Conn. 628, 590 A.2d 948 (1991).
There is no dispute that the parties entered into an agreement in the spring of 1998 whereby the defendant was to do cutting, clearing and disposing of trees from the property. The factual issue here is when was the date of completion. McDonald indicated that the completion date was September 1998. Anderson, on the other hand, testified that the completion date was late December 1998. The court concludes that the date of completion is September 1998. Anderson's failure to complete the work by September represents a breach of the contract. The court now must determine what damages are owed. CT Page 135
"As a general rule, contract damages are awarded to place the injured party in the same position as he would have been in had the contract been fully performed." Levesque v. DM Builders, Inc., 170 Conn. 177,180-181, 365 A.2d 1216 (1976). The court, in this case, is satisfied that the failure to finish the clearing of the trees from the property constitutes a breach of the oral contract. In such a situation, where there is a breach of contract that involves unfinished clearing of certain property, damages are measured by computing "the reasonable cost of . . . completion in accordance with the contract, if this is possible and does not involve unreasonable and economic waste. . . ." Id., 181.
In the context of contracts, "the party receiving a damage award has a duty to make reasonable efforts to mitigate damages." Ann Howard'sApricots Restaurant v. Commission on Human Rights and Opportunities,237 Conn. 209, 229, 676 A.2d 844 (1996). "The concept of mitigation of damages presupposes that an injured party has one or more courses of conduct available at or after the time a breach occurs and an obligation therefore exists to pursue that course that results in the least damages to the offending party." Rametta v. Stella, 214 Conn. 484, 492,572 A.2d 978 (1990). "What constitutes a reasonable effort under the circumstances of a particular case is a question for the trier of fact."Ann Howard's Apricots Restaurant, supra, 237 Conn. 229. Furthermore, the "breaching party bears the burden of proving that the nonbreaching party has failed to mitigate damages." Id. Nevertheless, "[t]he duty to mitigate damages does not require a party to sacrifice a substantial right of his own in order to minimize a loss." Camp v. Cohn, 151 Conn. 623,627, 201 A.2d 187 (1964).
Here, McDonald paid Moore a total of $33,900 for his services. She paid $18,400 in October, $6500 in early December and $9000 in January 1999. Anderson had indicated to McDonald that he would remove the debris in late December 1998 or January 1999. McDonald never contacted Anderson to determine whether he was willing to return and complete any portion of the clean up. She did not inform him that she was going to hire another logger. The court concludes that McDonald should have made some reasonable effort to contact Anderson and give him an opportunity to complete the work before hiring Moore to complete the final stage of the cleanup in late December 1998 and January 1999.
In doing so, the plaintiff would not have sacrificed a substantial right by mitigating her damages.
There remains the defendant's counterclaim. The defendant alleges that the plaintiff breached the contract by hiring Moore to complete the removal of the wood on the property and thereby deprived the defendant of CT Page 136 the remaining wood and related proceeds from the sale thereof.
The court finds that the defendant has not proven that the plaintiff breached the contract. The defendant did not complete the contract as agreed and can not now claim that he was "deprived" of any benefit. The defendant here failed to complete his contract fully and may not invoke its benefit unless he was prevented from completion by some circumstance beyond his control.
CONCLUSION
Accordingly, the court finds the following damages fair, just and reasonable and hereby awards to McDonald from Anderson the expense of hiring Moore to complete the removing, burning and chipping of the debris piles in October 1998 and December 1998 in the amount $24,900.
Judgment may enter in accordance herewith without costs to either party.
Cremins, J.