[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
Plaintiff, Parrot Drive Associates [seller], initiated this action for breach of a purchase/sale agreement, by writ, summons and complaint on October 31, 1989, against the defendant, Philip Fazzone, M.D. [buyer]. A copy of the purchase/sale agreement was attached to the complaint. An amended complaint was filed on November 10, 1989.
The purchase/sale agreement (hereinafter "agreement") specified that the purchase was contingent upon the buyer CT Page 2492 obtaining a zoning change within one year of the effective date (contract date, September 10, 1987), but no later than 24.5 months after the effective date, when possible extensions and contingencies were considered. The agreement specified that the buyer would diligently pursue such zoning change. The buyer could withdraw if governmental approvals of the proposed change were (1) denied, (2) granted with conditions, or (3) not granted by the anniversary of the effective date. The agreement further set out seller's sole and exclusive remedy; the "earnest money deposit and the interest if any earned thereon shall be retained by seller as liquidated damages. . . ." Agreement, 12, p. 9.
In his complaint, the plaintiff/seller alleges that (1) the defendant/buyer did not diligently pursue the zoning change, (2) that he did not withdraw from the agreement, (3) that the plaintiff/seller is ready, willing and able to perform, and (4) that the defendant/buyer has failed to deliver the balance of the purchase price, and to take title.
The plaintiff/seller further alleges in count two that he has sustained monetary damages. He requests as to count one, specific performance, and as to count two, monetary damages and interest.
The defendant/buyer moved to strike plaintiff/seller's amended complaint, counts one and two, on the ground that the plaintiff's amended complaint fails to state a claim upon which relief may be granted, because the contract contains a liquidated damages clause that precludes plaintiff's claims.
"A provision for liquidated damages . . . is one the real purpose of which is to fix fair compensation to the injured party for a breach of the contract." Berger v. Shanahan,142 Conn. 726, 731 (1955).
 Such a provision is ordinarily to be construed as one for liquidated damages if three conditions are satisfied: (1) The damage which was to be expected as a result of a breach of the contract was uncertain in amount or difficult to prove; (2) there was an intent on the part of the parties to liquidate damages in advance; (3) the amount stipulated was reasonable in the sense that it was not greatly disproportionate to the amount of the damages which, as the parties looked forward, seemed to be the presumable loss which would be sustained by the contractee in the event of a breach of the contract. (Citation omitted). (Emphasis added).
Id. at 732. CT Page 2493
Paragraph 12 of the agreement states that the "parties acknowledge that seller's damages . . . are difficult to ascertain, but agree that the amount of the Earnest Money Deposit represents a reasonable estimate of Seller's damages."
"[T]he burden of persuasion about the enforceability of the liquidated damages clause rests with the proponent. Vines v. Orchard Hills, 181 Conn. 501, 511 (1980).
In Vines, the buyer breached the contract to purchase a condominium; developer/seller retained the ten percent down payment according to the liquidated damages clause in the sales contract. Buyer in Vines was attempting to recover his deposit. In the instant case defendant/buyer argues that the plaintiff/seller's sole remedy is liquidated damages, as stated in Paragraph 12 of the agreement, limited to the $100,000 earnest money deposited with the escrow agent.
Plaintiff/seller, also relying on Paragraph 12 of the agreement, argues that the liquidated damages clause does not come into effect because the conditions to the defendant/buyer's obligation to close the sale were not met, that the zoning contingency was not satisfied due to defendant/buyer's failure to pursue such governmental approval diligently. Plaintiff argues that satisfaction of the "condition" was a precondition to the application of the liquidated damages clause, and that such precondition has not occurred. Plaintiff/seller further argues that the burden is on the defendant to demonstrate that the liquidated damages clause is enforceable.
The defendant/buyer, in his reply memorandum argues further that the liquidated damages clause is applicable if he (defendant) did not close, whether conditions to close are met or not met. He argues that the plaintiff has the burden to plead and prove that the liquidated damages clause was unreasonable, because
 12. REMEDIES OF SELLER. In the event that all conditions to buyer's obligation to close have been satisfied, Buyer fails to close title hereunder*, terminate this Agreement, whereupon the Earnest Money Deposit and the interest (if any) earned thereon shall be retained by Seller as liquidated damages and all rights and liabilities of the parties by reason of this Agreement shall be deemed at an end. The parties acknowledge that Seller's damages occasioned by Buyer's default hereunder are difficult to ascertain, but agree that the amount of the Earnest Money Deposit represents a reasonable estimate of Seller's damages.
the clause is reasonable on its face. The defendant/buyer claims that the plaintiff/seller has no standing to challenge a liquidated damages clause because he receives the benefit of the clause, and that only the party subject to a claimed "penalty" can object to the clause. Defendant/buyer claims that plaintiff/seller has failed to plead specifically that Paragraph 12 is illegal or invalid on its face and therefore plaintiff has failed to plead an essential element of his cause of action.
In ruling on a motion to strike, the trial court is limited to the grounds specified in the motion. Meredith v. Police Commission, 182 Conn. 138 (1980). In his motion to strike, the defendant did not raise the ground of standing, or of failure to plead specially. Therefore, the court will not consider the standing argument or the special pleading argument.
The motion to strike admits all facts well pleaded. Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). For purposes of this motion to strike, it is deemed admitted that "the defendant failed to diligently pursue governmental approval for defendant's proposed use of the Premises [sic]." Plaintiff's amended complaint, count one, para. 8, p. 3. A copy of the agreement was attached to the amended complaint. Therefore, the agreement is deemed to be well-pleaded. Mingachos,196 Conn. at 108. Paragraph 12 of the agreement refers to "conditions to buyer's obligation to close. . . ." Agreement, p. 9 (Emphasis added).
The "conditions" referred to by the parties are not the "conditions" referred to in the cases dealing with liquidated damages. "It is . . . well settled that a contract provision . . . which allows liquidated damages for a breach of contract is enforceable if certain conditions are satisfied." One requisite condition is that . . . "there was an intent on the part of the parties to liquidate damages in advance." (Emphasis added). Hanson Development Company v. East Great Plains Shopping Center, Inc., 195 Conn. 60, 64-65 (1985). Defendant has argued in his reply memorandum that the "conditions" referred to were for his benefit, and therefore it does not matter whether or not they were met, in order for the liquidated damages clause to be effective.
There is an issue regarding the intent of the parties as to the meaning of the word "conditions" and the effect of those "conditions", in Paragraph 12 of the agreement. CT Page 2495
"This court has stated on numerous occasions that the determination of the intention of the parties is an inference of fact. . . . Intent is determined from the terms of the contract read inlight of the circumstances attending its making including the motives and purposes of the parties." (Citation omitted). Hanson Development Co., 195 Conn. at 65-66. The issue of the intent of the parties, which requires a finding of fact in this case as to the meaning of the word "conditions" in the agreement, is not a proper subject to be decided on a motion to strike. Also, the defendant/seller is asking the court to rule on the enforceability of a liquidated damages clause, wherein the meaning of one term is contested. The motion to strike is utilized to test the sufficiency of the pleading. Mingachos, 195 Conn. at 108. In determining the sufficiency of the pleading, the court may not look beyond the complaint for facts not alleged. Cavallo v. Derby Savings Bank, 188 Conn. 281, 285-86 (1982). "The sole inquiry at this state [of the pleadings] is whether the plaintiff's allegations, if proved, state a cause of action." Levine v. Sigel Hebrew Academy of Greater Hartford, 39 Conn. Sup. 129,132 (1983). In his complaint the plaintiff/seller has alleged that there was a contract, and that the defendant/buyer breached the contract by failing to pursue a zoning change and to complete the sale of the property. "It is of no moment that the plaintiff may not be able to prove its allegations at trial or that the defendants might prove facts which operate to bar the plaintiff's claim." Doyle v. A P Realty Corporation,36 Conn. Sup. 126, 127 (1980).
Therefore, the plaintiff has sufficiently plead a cause of action for breach of contract upon which relief can be granted. Accordingly, the court denies defendant's motion to strike the complaint.
CIOFFI, J.