[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action brought by the plaintiffs against the defendant for failure to complete the purchase of a home which the plaintiffs were selling to the defendant. The plaintiffs seek to retain the deposit of $8,750.00 as liquidated damages as provided by the contract plus attorney's fees.
The defendant has denied the allegations of the plaintiffs' complaint, has filed a special defense that the septic system was not in good working order which constitutes a breach of contract on the part of the plaintiffs and has filed a counter-claim seeking a return of the down payment of $8,750.00.
Most of the facts introduced at the trial are not in dispute. The parties had entered into a sales agreement (Plaintiffs' Exhibit A) which required the defendant to purchase the plaintiffs' home in Avon, Connecticut for a reduced selling price of $182,000.00. The agreement required a down payment of $8,750.00 and further provided that said down payment may be retained by the sellers if the buyer defaults and also that the prevailing party in a court action would be entitled to court costs and attorney's fees. (Plaintiffs' Exhibit A, page 2, para. 14).
The closing date was set for June 30, 1992. Having committed themselves to the sale, the sellers reportedly contracted to buy other real estate for themselves. CT Page 3853
According to the testimony of the defendant, there appeared to be certain questions about the legality of the septic system. Because of this question the defendant attempted to rescind the sales agreement by a document of rescission dated June 30, 1992. This document (Plaintiffs' Exhibit D) gave no reason for the rescission. The defendant testified that he notified the selling agent on Friday, June 26, 1992, that there was a problem as to whether the sewer was hooked up and for that reason he was rescinding the agreement. He further admitted that he never had the system checked by an expert at any time.
The sellers (Plaintiffs) continued to argue that the system was in good working condition as required by the contract.
According to the plaintiffs' testimony, upon learning of the defendant's concerns the septic system was located on June 29, and pumped out on June 30, the date for the closing.
In the meantime, the defendant located another home to buy at a much lower price, i.e. $149,000.00, and signed a contract to buy the second house on June 29, 1992. (Defendant's Exhibit 1).
There was a great deal more evidence as to the costs incurred by repairs of the first home being sold by the plaintiffs, the expenses incurred by the plaintiffs as a result of the claimed rescission attempt by the buyer, as well as the buyer's claimed expenses in these negotiations.
However, the facts as recited by the court above are dispositive of the issues. The evidence clearly established that the septic system was in good working order. The court finds that as of June 30, 1992 a valid contract was still in existence; that the attempt to rescind had failed for want of a proper basis and that the liquidated damages clause was enforceable.
The criteria for liquidated damages are threefold:
 1. The damages which were expected as a result of the break of contract were uncertain CT Page 3854 in amount or difficult to prove;
 2. there was intent on the part of the parties to liquidate damages in advance;
3. the amount stipulated was reasonable.
Berger v. Shanahan, 142 Conn. 726, 732; Hanson Development Co. v. East Great Plains Shopping Center, Inc., 195 Conn. 60, 65. The case before the court meets all three criteria.
The action of the defendant strongly suggests that he bought another home at a much cheaper price and even losing the down payment, he was still buying at a $20,000.00 savings.
Because the agreement provides that the prevailing party is entitled to court costs and attorney's fees, court costs are awarded plus an attorney's fee of $3,575.00 as detailed in the plaintiffs' brief dated February 25, 1993.
Judgment for the plaintiffs on the complaint to retain the down payment plus court costs and attorney's fees set forth herein.
Judgment for the plaintiffs on the counter-claim.
HARRY N. JACKAWAY, JUDGE, SUPERIOR COURT