[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
CORRECTED MEMORANDUM OF DECISION
This is a two count action for damages arising from the defendants alleged breach of a purchase and sale contract and breach of a lease agreement. This matter was tried to the court, Higgins, J., on March 30, 1994.
The underlying facts are as follows. On August 25, 1990, the plaintiffs and defendants entered into two contractual agreements. One contract was a lease of the plaintiffs' property at 1423 Country Club Road, Middletown, Connecticut, to the defendants for a term of one year commencing October 1, 1990. The second contract was a purchase and sale agreement for the same property for a price of $280,000, closing to take place on or before September 30, 1991. Pursuant to the purchase and sale agreement, the defendants provided the seller with a non-refundable deposit of $20,000. The plaintiff seller was the scrivener of said lease and contract.
Schedule C of the Purchase and Sale agreement, entitled "Special Conditions," reads, in part: "This contract shall not be recorded on the Middletown Land Records or it shall become null and void." Similarly, Schedule A to the lease agreement CT Page 8577 reads in part: "This Lease shall not be recorded on the Middletown Land Records, and, if so recorded, shall become null and void." The Purchase and Sale agreement further provides:
 LIQUIDATED DAMAGES: If the said BUYER shall fail to make the several payments, or any of them, as herein provided, he shall forfeit, as liquidated damages to the SELLER, all claims to the premises described herein and to all the monies by him paid in pursuance of this Agreement. This provision, however, shall in no way affect the rights of Sellers to enforce the specific performance of this Agreement, or of proceeding with any other remedies available to them at law or in equity.
In a telephone conversation in April, 1991, and a letter dated May 1, 1991, the defendants informed the plaintiffs that the defendants were vacating the property and terminating the two agreements. The defendants conceded the $20,000 deposit, but sought to be released from the final four months of the lease and otherwise end the matter. The plaintiffs, through their attorney, responded that they would not agree to a termination of the two contracts. Subsequently, after having counsel review the agreements, the defendants recorded the two agreements in the Land Records of the Town of Middletown on May 21, 1991, in an apparent attempt to nullify the contracts.
The plaintiffs later resold the property for $245,000. They now seek their expectation remedy of $35,000 of the purchase and sale contract, and the $4,800 remaining under the lease. The defendants argue, first, that the lease and the purchase and sale agreements are null and void since they were both recorded. The defendants also argue that the $20,000 non-refundable deposit they paid the plaintiffs in liquidated damages under the purchase and sale contract precludes the plaintiffs from seeking any further relief.
The first issue concerns the defendants' post-breach recording of the agreements in an apparent attempt to nullify the contracts. "An anticipatory breach of contract occurs when the breaching party repudiates his duty before the time for performance has arrived." Martin v. Kavanewsky, 157 Conn. 514,518-19, 255 A.2d 619 (1969); Pullman, Comley, Bradleyand Reeves v. Tuck-It-Away, Bridgeport, Inc., 28 Conn. App. 460, CT Page 8578 465, 611 A.2d 435, cert. denied, 223 Conn. 926,614 A.2d 825 (1992). "`A positive statement to the promisee that the promisor will not perform his contract constitutes an anticipatory breach which is a total breach of contract.'"Martin v. Kavanewsky, supra, 157 Conn. 519, quoting SagamoreCorporation v. Willcutt, 120 Conn. 315, 318, 180 A. 464
(1935). "`The manifestation of intent not to render the agreed upon performance may be either verbal or nonverbal; and is largely a factual determination in each instance.'" (Citations omitted.) Pullman, Comley, Bradley and Reeves v.Tuck-It-Away, Bridgeport, Inc., supra, 28 Conn. App. 465. The effect of an anticipatory breach is to allow the nonbreaching party to discharge his remaining duties of performance, and to initiate an action without having to await the time for performance. Id.
In a telephone conversation in April, 1991, and a letter dated May 1, 1991 (Plaintiff's Exhibit F), the defendants' unequivocally declared their intention to not perform their contractual duties under both the lease and purchase and sale agreement. Therefore, the court finds an anticipatory breach by the defendants.
Once a party is in breach, the nonbreaching party is entitled to regard the contract as discharged and to put an end to the contract. See Vesce v. Lee, 185 Conn. 328, 334,441 A.2d 556 (1981); O'Keefe v. Bassett, 132 Conn. 659, 663,46 A.2d 847 (1946); see also Rokalor, Inc. v. ConnecticutEating Enterprises, Inc., 18 Conn. App. 384, 392, 558 A.2d 265
(1989) ("When a breach of contract occurs . . . `all further performance of the obligations undertaken by each party may cease.'"). Thus, notwithstanding the "nullification if recorded" provision in the contracts, the defendant's post-breach
recording of the lease and purchase and sale contract was inconsequential to the present matter.
The defendants argue that their $20,000 non-refundable deposit paid to the plaintiffs as liquidation damages under the purchase and sale agreement precludes the plaintiffs from seeking further damages.
The Connecticut Supreme Court "has recognized the principal that there are circumstances that justify private agreements to supplant judicially determined remedies for breach of contract." Vines v. Orchard Hills, Inc., 181 Conn. 501, CT Page 8579 511, 435 A.2d 1022 (1980) and cases cited therein. Although a contract provision which imposes a penalty for breach of contract is invalid, a provision which allows liquidated damages for breach is enforceable if certain conditions are satisfied. Hanson Development Co. v. EastGreat Plains Shopping Center, Inc., 195 Conn. 60, 64,485 A.2d 1296 (1985). "The requisite three conditions are that: (1) the damage which was to be expected as a result of a breach of contract was uncertain in amount or difficult to prove; (2) there was an intent on the part of the parties to liquidate damages in advance; and (3) the amount stipulated was reasonable." Id., 64-65, citing Berger v. Shanahan, 142 Conn. 726,732, 118 A.2d 311 (1955).
"A party may provide for the retention of a deposit as liquidated damages for [a] purchaser's failure to perform."Greene v. Scott, 3 Conn. App. 34, 39, 484 A.2d 474 (1984). A liquidated damages clause allowing the seller of real property to retain ten percent of the purchase and sale contract price as earnest money is presumptively a reasonable allocation of the risks associated with default. See Vines v. OrchardHills, Inc., supra, 181 Conn. 512. In the present case the liquidated damages amount is even less than ten percent of the contract price. Since no evidence has been adduced to rebut said presumption of reasonableness, it is found that the $20,000 liquidated damages amount is reasonable, and thus enforceable.
"It is well settled [however] that a seller may not retain a stipulated sum as liquidated damages and also recover actual damages." Hanson Development Co. v. East Great PlainsShopping Center, Inc., supra, 195 Conn. 64, citing Camp v.Cohn, 151 Conn. 623, 626, 201 A.2d 187 (1964); Dean v.Connecticut Tobacco Corporation, 88 Conn. 619, 625, 92 A. 408
(1914); see also 15 Am. Jur., Damages, § 264; 25 C.J.S.,Damages, § 116. Since the express terms of the liquidated damage provision explicitly states that "[t]his provision . . . shall in no way affect the rights of Sellers to . . . [proceed] with any other remedies available to them at law or in equity," it appears the plaintiffs have reserved their right to sue for actual damages in lieu of the liquidated amount. See Zullo v. Smith, 179 Conn. 596, 427 A.2d 409
(1980) ("It is axiomatic that a party is entitled to rely upon its written contract as the final integration of its rights and duties"). It is submitted that the plaintiff's election CT Page 8580 to pursue actual damages under the purchase and sale contract is an alternative remedy to the liquidated damage remedy. SeeLitton Industries Credit Corp. v. Catanuto, 175 Conn. 69, 75,404 A.2d 885 (1978) ("`The law simply does not . . . permit a party to exercise two alternative or inconsistent rights or remedies,'" quoting 5 Williston, Contracts (3d Ed.) § 684, p. 275). Therefore, the plaintiffs may receive their actual damages value, however, it will be offset by the $20,000 deposit previously received by the plaintiffs.
"A sale under the original contract price of $280,000, less the $6,000.00 real estate commission actually paid and the local/state taxes of $1,708.00 would have netted seller $272,292.00. The eventual sale was $245,000.00 less a real estate commission paid of $1,470.00 and local/state taxes of $1,495.00 resulting in net proceeds of $228,805.00. The resulting difference is $43,487.00 to which must be added the lease loss of $4,800.00, giving gross damages to plaintiff in the amount of $48,287.00 less $20,000.00 retained liquidated damages."
Legal fees are not recoverable herein, there being no actual provision in any of the agreements that obligated the defendants to pay legal fees upon breach.
Judgement may enter for the plaintiff to recover $28,287.00 in damages and retain the $20,000.00 previously retained damages.
It is so ordered.
HIGGINS, J.