[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
On January 17, 1995, the plaintiff, Michelle Sarpu, filed a three count "Second Amended Complaint." The plaintiff alleges that the defendant, City of New London ("New London"), owned and/or kept a rottweiler dog at Bates Wood, New London's dog pound, and when "the dog was brought into the office . . . [it] suddenly attacked and bit her." The plaintiff alleges that the act occurred on April 5, 1993, and that the defendant, Joan Belden ("Belden"), "as agent and/or employee of the City of New London," was responsible. The plaintiff alleges that she was not "committing a trespass or tort or teasing, tormenting or abusing the dog" when it attacked her.
The first count of the amended complaint alleges that the defendant is liable under General Statutes § 22-357, which imposes liability upon the owner or keeper of a dog if the dog damages either the body or property of any person. The second count alleges that Belden, as New London's agent, was negligent and careless. The third count alleges that Belden "was acting within the scope of her employment with the City of New London at the time of said attack." The third count seeks indemnity from New London for the plaintiff's injuries and damages under General Statutes § 7-465, which provides that a city "shall pay on behalf of any employee of such municipality . . . all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded for physical damages to person or property. . . ." In all three counts the plaintiff alleges that she suffered injuries and CT Page 7054 became obligated to pay health care expenses which will continue in the future.
On January 18, 1995, the defendants filed an answer and two special defenses. The first special defense alleges that "[t]he allegations contained in Count Two of the plaintiff's Complaint are barred by the provisions of Connecticut General Statutes § 52-557n(a)(2)(B)," which states that political subdivisions are not liable for damages caused by negligent discretionary acts of employees. The second special defense alleges that the plaintiff's negligence, along with her carelessness and heedlessness, was "a substantial factor in bringing about the injury and damage alleged."
On January 27, 1995, the plaintiff filed a reply to the defendants' second special defense, which denied it and "all of its subparts." Also on January 27, 1995, the plaintiff filed a motion to strike, along with a memorandum in support, the defendants' first special defense of government immunity on the ground that it is legally insufficient. On January 31, 1995, the defendants filed an "Objection to Motion to Strike" and a memorandum in support.
DISCUSSION
"Whenever any party wishes to contest . . . (5) the legal sufficiency of any answer to any complaint . . . including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 152. The court cannot assume any facts not alleged. Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073 (1988). The court can rely only on "facts alleged in the complaint." Kingv. Board of Education, 195 Conn. 90, 93, 485 A.2d 1296 (1985). A motion to strike may be used against a special defense. Nowakv. Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978).
"In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion." Meredithv. Police Commission, 182 Conn. 138, 140, 438 A.2d 27 (1980); Nagyv. Lipaco, Superior Court, judicial district of Waterbury, Docket No. 11 57 25 (Jan. 17, 1995, Sullivan, W., J.). A trial court should not consider any ground not specified. Morris v. HartfordCourant Co., 200 Conn. 676, 682, 513 A.2d 66 (1986).
The plaintiff, in her memorandum in support of her motion to CT Page 7055 strike, concedes that General Statutes § 52-557n(a)(2)(B) does provide political subdivisions with immunity from liability but argues that General Statutes § 7-465 specifically precludes governmental immunity as a defense to indemnification.[1]
The defendants argue that count two of the plaintiff's complaint is the only count to which the governmental immunity special defense is directed and that count two does not invoke § 7-465. The defendants argue that the special defense is not directed at count three, the only count alleging damages under § 7-465. The defendants argue, therefore, that any provision in § 7-465 precluding an immunity defense is inapplicable to count two, which does not allege § 7-465. The defendants argue that the governmental immunity special defense is legally sufficient with respect to the second count of the complaint. The defendants argue that the plaintiff must allege and prove Belden's duty to her and breach of that duty before alleging and proving New London's liability by indemnification.
Count two of the plaintiff's complaint alleges that "[t]he injuries and damages suffered by the Plaintiff, Michelle Sarpu, were caused by the negligence and carelessness of the Defendant, Joan Belden, in one or more of the following ways." The four enumerated ways are as follows: "a. In that she did not have the dog under proper control; b. In that she was inattentive to the dog's conduct; c. In that she supervised the dog inadequately; d. In that she allowed the dog to be in a position to injury [sic], harm or maim."
The first special defense asserts that "[t]he allegations contained in Count Two of the plaintiff's Complaint are barred by the provisions of Connecticut General Statutes § 52-577n(a)(2)(B)." Section 52-557n(a)(2)(B) states that "[e]xcept as otherwise provided by law, a political subdivision of the state shall not be liable for damages to persons or property caused by . . . (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law." Thus, a plaintiff may sue a town for the negligence of its employees "except when the employees are exercising judgment or discretion." Nowinski v. Town of Greenwich, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 11 14 20 (March 16, 1994, Lewis, J.). CT Page 7056
The memorandum in support of the plaintiff's motion to strike relies on § 7-465(a) which states that "[a]ny . . . city . . . shall pay on behalf of any employee . . . all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded . . . for physical damages to person or property . . . if the employee, at the time of the occurrence, accident, physical injury or damages complained of, was acting in the performance of his duties and within the scope of his employment. . . . Governmental immunity shall not be a defense in any action brought under this section."
"A plaintiff bringing suit under § 7-465 must first allege in a separate count and prove the employee's duty to the individual injured and the breach thereof. Only then may the plaintiff go on to allege and prove the town's liability by indemnification. This is a personal liability requirement that calls for an inquiry independent of the statute itself, an inquiry into the factual matter of individual negligence. Thus, in a suit under § 7-465, any municipal liability which may attach is predicated on prior findings of individual negligence on the part of the employee and the municipality's employment relationship with that individual." (Citations omitted; emphasis in original; internal quotation marks omitted.) Wu v. Fairfield,204 Conn. 435, 438, 528 A.2d 364 (1987); see Sestito v. Groton,178 Conn. 520, 527-28, 423 A.2d 165 (1979); Kivlen v. Town of NewFairfield, Superior Court, judicial district of Danbury, Docket No. 29 57 70 (March 2, 1992, Fuller, J.). In other words, "[w]hile § 7-465 provides indemnity to a municipal employee from his municipal employer in the event the former suffers a judgment . . . it is quite clear that the municipality does not assume the liability in the first instance." Fraser v. Henniger,173 Conn. 52 56, 376 A.2d 406 (1977); Kaye v. Manchester,20 Conn. App. 439, 443-44, 568 A.2d 459 (1990).
In seeking to strike the defendant's first special defense which is directed to the second count of the complaint, the plaintiff relies on the abrogation of governmental immunity contained in § 7-465. Section 7-465 is neither alleged nor invoked in count two of the plaintiff's complaint. Even if it were alleged, § 7-465 could not be invoked absent a prior allegation and proof of a duty and a breach of that duty by Belden to the plaintiff. Section 7-465 could not be invoked absent a prior finding of Belden's individual negligence. The plaintiff did not allege or prove that Belden owed her a duty, CT Page 7057 much less breached that duty, although she did allege Belden's negligence in her handling of the dog. The plaintiff neither alleged nor met the criteria necessary to invoke § 7-465 and thus may not use § 7-465 in her attempt to strike the defendant's special defense. The plaintiff may not strike a special defense based on a statute that might provide her with an indemnification claim at some point in the future.
In conclusion, the plaintiff did not provide a proper reason to grant her motion to strike. The motion to strike is, therefore, denied.[2]
Hurley, J.