[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE NO. 109
On June 3, 1994, the plaintiff, Alan D. Froehlich, filed a CT Page 6003 complaint seeking foreclosure of a judgment lien obtained against the defendant, Marcia J. Froehlich.
On February 6, 1995, the defendant filed an answer with special defenses, a setoff[1] and a counterclaim. On February 22, 1995, the plaintiff filed a motion to strike the defendant's special defenses, setoff and counterclaim on the ground of legal insufficiency, in that (1) "[t]he Superior Court granting judgment in favor of plaintiff in the underlying action had original subject matter jurisdiction"; and (2) "[t]he doctrine of Collateral Estoppel, issue preclusion, bars the defendant from claiming any special defenses."
The plaintiff has filed a memorandum of law in support of his motion to strike. The defendant has filed a memorandum of law in opposition.
The purpose of the motion to strike is to challenge the legal sufficiency of the allegations of any complaint. Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988). In judging the motion, it does not matter whether the party can prove the allegations at trial. Levine v. Bess and PaulSigel Hebrew Academy of Greater Hartford Inc., 39 Conn. Sup. 129,132, 471 A.2d 679 (Super.Ct. 1983). The motion admits all facts well pleaded, but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v.CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). The sole inquiry is whether the plaintiff's allegations, if proved, state a cause of action. Id. A motion to strike is the proper procedural vehicle to challenge the legal sufficiency of any special defense or counterclaim. Practice Book, Sec. 152.
The plaintiff argues that judgment was rendered in its favor on an underlying action that involved the same issues that are the subject of the defendant's special defenses in this action. The plaintiff posits that since the defendant is now attempting, via her special defenses, to raise issues that were already litigated in the previous action, the defendant's special defenses are legally insufficient and she should be precluded from raising them by the doctrine of collateral estoppel.
The plaintiff further argues that the defendant's setoff and counterclaim are also attempting to relitigate the same claims brought by the defendant in the underlying action. Therefore, the plaintiff postulates that the defendant's setoff and counterclaim CT Page 6004 are legally insufficient and are barred by the principle of res judicata.
The defendant counters that the plaintiff's motion does not address the legal sufficiency of her special defenses, setoff or counterclaim, but only serves to "contradict allegations" made by her. The defendant further maintains that the plaintiff's motion should be denied because collateral estoppel and/or res judicata should be raised by special defense and not by a motion to strike.
By alleging issues that were previously litigated in the underlying action, the plaintiff is alleging affirmative matter that makes his motion the equivalent of a speaking motion to strike, which the court cannot consider. See Connecticut StateOil Co. v. Carbone, 36 Conn. Sup. 181, 182-83 (Super.Ct. 1979). Furthermore, collateral estoppel and res judicata must be specially pleaded. Practice Book, Sec. 164; Hanson DevelopmentCo. v. East Great Plains Shopping Center, Inc., 195 Conn. 60, 64, n. 3, 485 A.2d 1296, 1299, n. 3 (1985); Savoy Laundry Inc. v. Townof Stratford, 2 CSCR 459 (March 23, 1987, Meadow, J.).
Based on the foregoing, the court denies the plaintiff's motion.
Stodolink, J.