[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JANUARY 26, 1996
The plaintiffs (hereafter "Benjamin") instituted this action seeking damages for breach of contract, negligence, and breach of the plain language and print requirements of § 42-151 of the General Statutes, arising out of the partial destruction of their home by fire. On November 24, 1993, the parties entered into a five year contract pursuant to which the defendant (hereafter "Detect") was to provide central station monitoring of their home from fire and theft. On April 20, 1994, a fire broke out in that home closing partial destruction thereof.
In the first count of their three count complaint, the Benjamin allege that Detect breached its contract with them. The second count claims that Detect was negligent in the installation, testing and monitoring of the alarm system in their home. The third count asserts that the contract did not comply with § 42-151 of the General Statutes, which relates to consumer contracts and the plain language and print requirements thereof.
Detect answered the complaint, denying all essential allegations and asserting, as a special defense, that damages are limited as set forth in paragraph eighteen (18), the liquidated damages provisions of the contract.[1]
Simultaneously, Detect moved for summary judgment on counts one and two of the complaint on the ground that the liquidated damages clause controls the amount of damages on those counts.
In its brief, in support of the motion for summary judgment, Detect argues that similar liquidated damages provisions have been upheld by courts in the past. Detect cites to ConvenientPetroleum Corp. v. Sonitrol Communications Corp. 6 CONN. L. RPTR. 556 (June 12, 1992) (Wagner, J.); Hanover Insurance Co. v.American District Telegraph Co. 5 CONN. L. RPTR. 324 (December 4, 1991) (Stengel, J.); and Hunter's Consignment, Inc. v. Sonitrol ofWestern Connecticut. Ltd., 12 CONN. L. RPTR. 687 (November 15, 1994) (Mihalakos, J.), as upholding similar liquidated damages CT Page 1079 provisions.
In response, the Benjamins argue that the cases Detect relies on are distinguishable because they involve contracts between two corporate entities, not a corporation and an individual, as is the case here. Additionally, during oral argument, they argued that the liquidated damages provision, and indeed the entire contract, is unenforceable because it is "unconscionable." Their counsel "challenged the court" to try to read the liquidated damage provision of the contract, attempting to illustrate its unconscionability due to the small print. Finally, they argue in their brief that questions of fact exist requiring denial of Detect's motion; specifically, what oral representations were made by Detect, whether the parties were on "equal footing" when entering into the contract, and whether Detect breached the contract or was negligent.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384; Barrett v. Danbury Hospital232 Conn. 242, 250.
Detect is entitled to summary judgment on the issue of damages based upon the liquidated damages provision of the contract. The cases cited clearly support the enforcement of this liquidated damages clause, and that the clause itself is in compliance with the requirements set forth by our Supreme Court. `The requisite three conditions [for enforcement of a liquidated damages clause] are that: (1) the damage which was to be expected as a result of a breach of contract was uncertain in amount or difficult to prove; (2) there was intent on the part of the parties to liquidate damages in advance; and (3) the amount stipulated was reasonable." Hanson Development Co. v. East GreatPlains, 195 Conn. 60, 64-65. The plaintiffs' suggestion that the contract is unconscionable and thus unenforceable is not supported by the record. Indeed, the claim that the contract violates the plain language and print requirements of § 42-151
is unaffected by the instant motion for summary judgment.
Finally, in those cases where liquidated damages provisions have been held to be unenforceable, it has generally been because, notwithstanding the validity of the contract provisions, there still exist genuine issues of material fact requiring CT Page 1080 trial. For instance, in Payor v. Jacobson, Superior Court, Judicial District of New Haven at New Haven, Docket No. 314650 (May 21, 1992) (Maiocco, J.), the court refused to grant summary judgment for the defendant on a liquidated damages provision because it determined that there existed a genuine issue as to whether the conditions called for in the contract had been complied with.
The issues of fact on which the Benjamins rely are insufficient to defeat Detect's motion for summary judgment. For example, what representations, if any, Detect made to them does not affect the liquidated damages clause, since there is no allegation that the contract was not fully integrated and, as such, any such evidence would be inadmissible under the parol evidence rule. Additionally, there is no allegation that the contract is unenforceable due to fraud, duress or any other defects in its execution.
In sum, no genuine issue of material fact exists, and Detect is entitled to judgment as a matter of law on counts one and two. Judgment may enter that the Benjamins receive the sum of eighty ($80) dollars of the defendant, as the liquidated damages, a sum equal to the total of one-half year's payments or five hundred dollars, whichever is the lesser. . ."[2]
Moraghan, J.