[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON CROSS COMPLAINANT'S MOTION TO STRIKE (No. 115)
A. FACTS:
The plaintiffs, John and Patricia Ash, commenced this action against the defendant Allstate, herein Allstate, on December 19, 1994, as a result of damage to property located at 30 Mechanic Street, Jewett City, Connecticut, herein the house. At the time of the property loss, the house was owned by the cross complainant, Warren Swanson, herein defendant, with the plaintiffs designated as loss payees under a property insurance policy on the house, written by Allstate. At the time of the loss, the plaintiffs were the mortgagors of the house. The plaintiffs allege that since the defendant failed to make a claim against the Allstate policy, the plaintiffs filed the action to preserve the claim.[1] Subsequently, the defendant moved to become a party defendant in this action, which was granted on December 5, 1995. Thereafter, defendant filed a cross complaint which was answered by the plaintiff with four special defenses and a cross counterclaim alleging a non-payment of a promissory note. The defendant filed the operative motion to strike (No. 115) to strike the counterclaim of the plaintiffs.
Additionally, these parties (Ash and Swanson) were involved in a prior action[2] involving the defendant's alleged breach of a promissory note payable to the plaintiff. This suit resulted in a stipulated judgment on August 23, 1993. The plaintiff alleges that the stipulation was to remain in effect until property located at 15 Bolles Avenue, New London was sold. At that point, the plaintiff alleges the promissory note would be cancelled. The plaintiff further alleges that after the house was sold, defendant assigned all of his interest in the Allstate claim to the plaintiffs without notifying Allstate to direct payment to the plaintiffs. The operative motion to strike is the result of defendant's attempt to claim the Allstate proceeds alleging the promissory note has been satisfied.
B. DISCUSSION:
CT Page 4109-EE
"A motion to strike challenges the legal sufficiency of a pleading . . . [I]t admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. . . . if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." (Citations omitted).Mingachos v. CBS, Inc., 196 Conn. 91, 108-109, 491 A.2d 368
(1985). Further, the court must construe the facts in the pleadings, which are the subject of the motion to strike, most favorably to the pleader. Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988).
The defendant's motion to strike states as the ground or striking the cross counterclaim "that said cause of action is barred by the equitable doctrine of res judicata."
"Because res judicata or collateral estoppel, if raised, may be dispositive of a claim, summary judgment was the appropriate method for resolving a claim of res judicata."Jackson v. R. G. Whipple, Inc., 225 Conn. 705, 712,627 A.2d 374 (1993); Zizka v. Water Pollution Control Authority,195 Conn. 682, 687, 490 A.2d 509 (1985). "A motion to strike is not the proper method by which to raise the issue of res judicata and collateral estoppel. Statewide Grievance Committee,216 Conn. 127, 137 n. 3, 577 A.2d 1054 (1990). Generally, res judicata must be specially pleaded; Tucker v. Pace InvestmentAssociates, 32 Conn. App. 384, 391, 629 A.2d 470 (1993); and then it can be raised properly by a motion for summary judgment. Jackson v. R.G. Whipple, Inc., supra, 225 Conn. 712."City of Milford v. Andresakis, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 047124 (October 31, 1995, Curran, J.).
Two procedural defects exist which must be overcome prior to reaching the merits of the motion to strike. First, the defendant is improperly using a motion to strike on the grounds of res judicata instead of a motion for summary judgment or specially pleading res judicata. Plaintiff has strenuously objected to this procedural defect. Although the motion is technically improper, this court has the discretion to examine the motion to strike on the merits; Statewide GrievanceCommittee, supra 216 Conn. 137 n. 3; should it decide to do so, which it does not.
The second procedural irregularity to this motion to CT Page 4109-FF strike is the reliance on material extraneous to the pleadings, which makes the motion a "speaking motion". "Where the legal grounds for such a motion are dependent upon underlying facts not alleged in the plaintiff's pleadings, the defendant must await the evidence which may be adduced at trial, and the motion should be denied." Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 348, 576 A.2d 149 (1990). "A `speaking' motion to strike (one imparting facts outside the pleadings) will not be granted." Doe v. Marselle, 38 Conn. App. 360, 364,660 A.2d 871 (1995).
In Froehlich v. Froehlich, Superior Court, judicial district of Danbury, Docket No. 317265 (June 19, 1995, Stodolink, J.), Judge Stodolink, faced with a similar procedurally defective pleading, decided to deny the motion to strike with the following language:
 "By alleging issues that were previously litigated in the underlying action, the plaintiff is alleging affirmative matter that makes his motion the equivalent of a speaking motion to strike, which the court cannot consider. See Connecticut State Oil Co. v. Carbone, 36 Conn. Sup. 181, 182-83 (Super.Ct. 1979). Furthermore, collateral estoppel and res judicata must be specially pleaded. Practice Book, Sec. 164; Hanson Development Co. v. East Great Plains Shopping Center, Inc., 195 Conn. 60, 64, n. 3, 485 A.2d 1296, 1299, n. 3 (1985); Savoy Laundry Inc. v. Town of Stratford, 2 CSCR 459 (March 23, 1987, Meadow, J.). Based on the foregoing, the court denies the plaintiff's motion." Id.
In the instant case, the defendant is alleging that the prior action that went to judgment resolved the issues in this action. The defendant has attached the notice of stipulation of judgment to its motion to strike. Additionally, the plaintiff has attached the stipulation of judgment to its objection to the motion to strike. To the extent that this court must look beyond the pleading to resolve this motion to strike the motion is a speaking motion and thus, procedurally defective, resulting in its denial.
C. CONCLUSION:
For the reasons herein stated, it is concluded that the defendant's motion to strike, ought to be and is hereby CT Page 4109-GG granted.
It is so ordered,
SALVATORE F. ARENA JUDGE, SUPERIOR COURT