[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: PLAINTIFFS' MOTION TO STRIKE
The plaintiffs' motion to strike the counterclaim of the defendant, Mary Lou Griffin, is granted for the following reasons:
1. The counterclaim was not pleaded as a part of the answer, and is therefore not properly before the court. Holland v. EastCoast Tile and Marble Co., 1993 WL 242112 (Conn.Super. 1993).
2. Count one improperly seeks both liquidated damages and actual damages. Hanson Development Co. v. East Great PlainsShopping Center, Inc., 195 Conn. 60 (1985).
3. That portion of the prayer for relief seeking interest on the deposit is improper in light of the language of the real estate sales contract to the effect that interest on the deposit shall be payable to the Connecticut Housing Finance Authority.
4. Count two of the counterclaim, seeking damages for malicious prosecution, is unrelated to the transaction alleged in CT Page 4321 the plaintiffs' complaint and is therefore inappropriate as a counterclaim. Northwestern Electric, Inc. v. Rozbicki,6 Conn. App. 417 (1986).
5. In the absence of an allegation that the underlying cause of action allegedly giving rise to the claim for malicious prosecution terminated in favor of the counterclaim plaintiff, the counterclaim for malicious prosecution is improper.DeLaurentis v. City of New Haven, 220 Conn. 225 (1991).
For all of the above reasons, the motion to strike is granted.
Jonathan E. Silbert Judge of the Superior Court